[No. S050326. Feb. 26, 1998.]

BENJAMIN SANTISAS et al., Plaintiffs and Appellants, v.
ROBERT J. J. GOODIN et al., Defendants and Respondents.

600

## COUNSEL

Raul S. Picardo and Gilbert T. Graham for Plaintiffs and Appellants.

Bronson, Bronson & McKinnon, Robert J. Stumpf, Jr., Michele K. Trausch and Richard M. Foehr for Defendants and Respondents.

## OPINION

**KENNARD, J.**—Many contracts include a provision requiring a contracting party to pay any attorney fees that the other party incurs to enforce the contract or in litigation arising from the contract. To ensure that these contractual attorney fee provisions do not operate in an unfairly one-sided manner, the Legislature enacted Civil Code section 1717, which states in part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

In *International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d 1031] (*Olen*), which involved a claim for attorney fees under Civil Code section 1717, a majority of this court held that "recovery of attorney fees based on contract" is not permitted "when the plaintiff voluntarily dismisses prior to trial." (*Olen, supra,* at p. 223.)

After this decision, the Legislature amended Civil Code section 1717 to state, in subdivision (b)(2), that if "an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."

The issues here are these: When a plaintiff has voluntarily dismissed before trial an action asserting both tort and contract claims, all of which arise from a real estate sales contract containing a broadly worded attorney fee provision, may the defendant recover any of the attorney fees incurred in defending the action? Or is any or all of such recovery precluded by either Civil Code section 1717 or this court's decision in *Olen, supra,* 21 Cal.3d 218?

We conclude that in voluntary pretrial dismissal cases, Civil Code section 1717 bars recovery of attorney fees incurred in defending contract claims, but that neither Civil Code section 1717 nor *Olen, supra,* 21 Cal.3d 218, bars recovery of attorney fees incurred in defending tort or other noncontract claims. Whether attorney fees incurred in defending tort or other noncontract claims are recoverable after a pretrial dismissal depends upon the terms of the contractual attorney fee provision.

## I. Facts

Plaintiffs Benjamin and Anita Santisas brought this action against defendants Robert J. J. and Phyllis L. Goodin (the Goodins), Goodin Realty Co., Inc. (Goodin Realty), Daniel J. Guthrie, and others seeking both general and exemplary damages occasioned by certain alleged defects in a home they had purchased from the Goodins in a transaction in which Robert Goodin acted as the sellers' broker and as the agent of Goodin Realty, and in which Guthrie acted as Goodin Realty's attorney. The verified complaint's allegations were grouped into causes of action for breach of contract, negligence, deceit, negligent misrepresentation, and suppression of fact.[1] The complaint alleged, in paragraph XXIII, that "plaintiffs and defendants entered into a written agreement, a copy of which is attached hereto as Exhibits A and B, and made a part hereof." Attached to the complaint as "Exhibit A" was a document entitled "Residential Purchase Agreement and Deposit Receipt."[2] The document included this provision: "In the event legal action is instituted by the Broker(s), or any party to this agreement, or arising out of the execution of this agreement or the sale, or to collect commissions, the prevailing party shall be entitled to receive from the other party a reasonable attorney fee to be determined by the court in which such action is brought." The complaint sought attorney fees.

In response to the complaint, the Goodins, Goodin Realty, and Guthrie (collectively, the seller defendants)[3] jointly submitted a verified answer in which they denied, among other things, that the document attached to the complaint as exhibit A represented the agreement entered into by plaintiffs and the Goodins. They did not deny, however, the allegations of paragraph XXIII of the complaint that plaintiffs and defendants had entered into a written agreement that consisted of the documents attached to the complaint as exhibits A and B.

After discovery proceedings, including the depositions of plaintiffs and certain of the defendants, plaintiffs voluntarily dismissed the action with prejudice. The seller defendants then moved to recover their attorney fees as

---

[1]The appellate record contains only one copy of the complaint, and this copy appears to be incomplete. Moreover, only one exhibit, labeled "Exhibit A," is attached to this copy of the complaint, even though the complaint refers to other exhibits, designated B through G, and alleges that each is attached to the complaint.

[2]The complaint alleges that exhibit B is a "counter offer."

[3]For purposes of determining their right to recover attorney fees as costs, we treat the seller defendants collectively, without attempting to draw any distinction among them, because they have been jointly represented and have filed joint pleadings and briefs throughout this litigation, and because the parties have not argued that they should be treated other than collectively.

costs under Code of Civil Procedure sections 1021, 1032, and 1033.5, and under the attorney fee provision in the real estate purchase agreement. In support of this motion, the seller defendants submitted a declaration by their attorney containing this statement: "By their Complaint filed May 13, 1988, Plaintiffs have placed in issue the Purchase Agreement dated March 7, 1987. A true and correct copy of that Agreement is attached hereto as Exhibit 'A.'" Attached to this declaration was a document identical to exhibit A to plaintiffs' complaint, except that it includes three additional pages. The first page bears the title "ADDENDUM TO PURCHASE AGREEMENT" and appears to have been executed on March 23, 1987; the second page is untitled, undated, unsigned, and contains terms identical to those in the addendum; and the third page bears the title "COUNTER OFFER" and appears to have been executed on March 8, 1987.

In opposition to the seller defendants' motion to recover attorney fees as costs, plaintiffs submitted a memorandum of points and authorities in which they argued that Civil Code section 1717 and this court's decision in *Olen, supra,* 21 Cal.3d 218, preclude an award of attorney fees under a contractual attorney fee provision following a voluntary dismissal of the action. In this memorandum, plaintiffs conceded that "[t]he contract on which the action was based provided for reasonable attorney fee[s] to the prevailing party to be determined by the court." They did not indicate, however, whether they conceded also that the contract at issue included the additional pages in the exhibit attached to the declaration of the seller defendants' attorney.

Rejecting plaintiffs' argument, the superior court granted the seller defendants' motion and awarded them $16,546.90 in attorney fees as costs. The appellate record does not indicate whether the superior court made any findings resolving the factual issue of which documents, in addition to exhibit A to the plaintiffs' complaint, comprised the contract between the parties.

On plaintiffs' appeal from the order granting attorney fees as costs, the Court of Appeal affirmed. The Court of Appeal majority, in an opinion authored by Justice Smith and in which Justice Phelan concurred, held "that a party who successfully defends a tort action arising from a contract which entitles the winner in any litigation to an award of attorney fees is the 'prevailing party' and may recover such fees as an element of costs, even where the plaintiff dismisses the suit voluntarily." The majority rejected plaintiffs' reliance on Civil Code section 1717 on the basis that it applies only to actions upon a contract, whereas plaintiffs' action here sounded in tort. The majority rejected plaintiffs' reliance on this court's decision in *Olen, supra,* 21 Cal.3d 218, on the same basis, that the decision applies only

to contract actions, whereas plaintiffs' action here sounded in tort. The Court of Appeal majority acknowledged that this reading of *Olen* conflicted with *Jue* v. *Patton* (1995) 33 Cal.App.4th 456 [39 Cal.Rptr.2d 364], a decision of a different division of the same appellate district, because in *Jue* the Court of Appeal had construed *Olen* as barring recovery of attorney fees in all pretrial dismissal cases, even those alleging only tort claims, where the sole basis for awarding attorney fees is a contractual attorney fee provision.

In a concurring opinion, Presiding Justice Kline agreed with the majority that Civil Code section 1717 "does not apply to this action," but he gave a different reason for this conclusion. In his view, "Civil Code section 1717 applies only to contracts authorizing fees to one party and not the other." Because the contractual attorney fee provision at issue here authorized attorney fees to "the prevailing party," it was a reciprocal provision and therefore, in the view of Presiding Justice Kline, outside the scope of Civil Code section 1717.

Presiding Justice Kline agreed with the majority that this court's decision in *Olen, supra,* 21 Cal.3d 218, does not apply to this action, but again he gave a reason different from the majority's. The reason *Olen* does not govern here, in Presiding Justice Kline's view, "is that subsequent actions of the Legislature have rendered it obsolete." Specifically, the Legislature rendered *Olen* "obsolete," according to Presiding Justice Kline, by enacting both Code of Civil Procedure section 1032, which provides that a prevailing party is entitled to costs and defines "prevailing party" as including a defendant in whose favor a dismissal is entered, and Code of Civil Procedure section 1033.5, which defines awardable costs as including attorney fees authorized by contract.

We granted review to resolve the conflict between the Court of Appeal's decision in this case, which generally follows the reasoning of *Kelley* v. *Bredelis* (1996) 45 Cal.App.4th 1819 [53 Cal.Rptr.2d 536] and *Honey Baked Hams, Inc.* v. *Dickens* (1995) 37 Cal.App.4th 421 [43 Cal.Rptr.2d 595], and the Court of Appeal decisions in *Jue* v. *Patton, supra,* 33 Cal.App.4th 456, and *Ryder* v. *Peterson* (1996) 51 Cal.App.4th 1056 [59 Cal.Rptr.2d 562].

## II. DISCUSSION

### A. *Entitlement to Litigation Costs Generally*

In seeking to recover the attorney fees they incurred in defending this action, the seller defendants contend that these expenses are recoverable as litigation costs. Accordingly, we begin with the question whether the

seller defendants are generally entitled to recover their litigation costs in this action.

Whether a party to litigation is entitled to recover costs is governed by Code of Civil Procedure section 1032, which provides, in subdivision (b), that "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." For the purpose of determining entitlement to recover costs, Code of Civil Procedure section 1032 defines "prevailing party" as including, among others, "a defendant in whose favor a dismissal is entered." (Code Civ. Proc., § 1032, subd. (a)(4).)

Because plaintiffs voluntarily dismissed this action with prejudice, the seller defendants are defendants in whose favor a dismissal has been entered. Accordingly, they are "prevailing parties" within the meaning of Code of Civil Procedure section 1032, subdivision (b), and are "entitled as a matter of right to recover costs" unless another statute expressly provides otherwise. Plaintiffs have not called to our attention, nor are we aware of, any statute that would preclude a cost award to the seller defendants in this action.

### B. *Recoverable Litigation Costs as Including Attorney Fees*

Having determined that the seller defendants are generally entitled as a matter of right to recover their costs in this litigation, we next address the question whether the costs that the seller defendants may recover include the amounts they have incurred as attorney fees in defending this litigation.

Code of Civil Procedure section 1033.5 provides, in subdivision (a)(10), that attorney fees are "allowable as costs under Section 1032" when they are "authorized by" either "Contract," "Statute," or "Law." Thus, recoverable litigation costs do include attorney fees, but only when the party entitled to costs has a legal basis, independent of the cost statutes and grounded in an agreement, statute, or other law, upon which to claim recovery of attorney fees. Accordingly, the seller defendants may recover their attorney fees as costs if, but only if, the seller defendants have an independent legal basis for recovery of attorney fees.

The seller defendants do not contend that their claim for attorney fees has a legal basis that is both independent of the cost statutes and grounded in a

statute or other noncontractual source of law.[4] What they do contend is that recovery of the attorney fees they incurred in this litigation is a contractually based right, arising from an express provision of the real estate purchase agreement. We must determine, therefore, whether it has been established that the parties entered into a valid and enforceable real estate purchase agreement that contains an attorney fee provision and, if so, whether this provision entitles the seller defendants to recover their attorney fees following the voluntary dismissal of plaintiffs' action.

## C. *Contractual Right to Attorney Fees*

In their complaint, plaintiffs alleged that they had entered into a real estate purchase agreement consisting of exhibits A and B attached to the complaint. In their answer to the complaint, the seller defendants did not deny this allegation. The document attached to the complaint as exhibit A included a provision for recovery of attorney fees in any litigation arising out of the execution of the agreement or the sale of the property. In their motion to collect attorney fees as costs, the seller defendants alleged that they had entered into an agreement with plaintiffs consisting of the document attached to the complaint as exhibit A and certain additional documents that may or may not have been identical to other exhibits attached to the complaint but were not included in the appellate record (see fn. 1, *ante*). In their opposition to this motion, plaintiffs did not take issue with defendant's allegations regarding the contents of the purchase agreement. Accordingly, although there may be uncertainty as to some terms of the purchase agreement, it is undisputed that the parties entered into a purchase agreement that included an express provision for attorney fees in these words: "In the event legal action is instituted by the Broker(s), or any party to this agreement, or arising out of the execution of this agreement or the sale, or to collect commissions, the prevailing party shall be entitled to receive from the other party a reasonable attorney fee to be determined by the court in which such action is brought." Apart from plaintiffs' contentions that recovery of attorney fees after a voluntary dismissal is barred under Civil Code section 1717

---

[4] The seller defendants have directed our attention to Code of Civil Procedure section 1021, which provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided." The Legislature enacted this section to codify the "American rule" that, ordinarily, "each party to litigation must bear the expense of its own attorney fees." (*City and County of San Francisco* v. *Sweet* (1995) 12 Cal.4th 105, 115 [48 Cal.Rptr.2d 42, 906 P.2d 1196]; see also *Trope* v. *Katz* (1995) 11 Cal.4th 274, 278-279 [45 Cal.Rptr.2d 241, 902 P.2d 259].) Code of Civil Procedure section 1021 does not independently authorize recovery of attorney fees. Rather, consistent with subdivision (a)(10) of Code of Civil Procedure section 1033.5, Code of Civil Procedure section 1021 recognizes that attorney fees incurred in prosecuting or defending an action may be recovered as costs only when they are otherwise authorized by statute or by the parties' agreement.

and *Olen, supra,* 21 Cal.3d 218, no issue has been raised regarding the validity or enforceability of either the agreement as a whole or its attorney fee provision.

Having determined that the parties entered into a real estate purchase agreement that contains a facially valid and enforceable attorney fee provision, we proceed to decide whether, without considering Civil Code section 1717 and *Olen, supra,* 21 Cal.3d 218, this provision entitles the seller defendants to recover their attorney fees following the voluntary dismissal of this particular action.

In their complaint in this action, plaintiffs alleged both a contract claim and various tort claims. Does the contractual provision permit the prevailing party to recover attorney fees incurred for the defense of each of these claims? We conclude that it does.

On its face, the provision embraces all claims, both tort and breach of contract, in plaintiffs' complaint, because all are claims "arising out of the execution of th[e] agreement or the sale." (See *Lerner* v. *Ward* (1993) 13 Cal.App.4th 155, 160-161 [16 Cal.Rptr.2d 486].) Plaintiffs do not argue otherwise. If a contractual attorney fee provision is phrased broadly enough, as this one is, it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims: "[P]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract." (*Xuereb* v. *Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1341 [5 Cal.Rptr.2d 154].)

Are the seller defendants "prevailing part[ies]" within the meaning of their own agreement? To answer this question, we apply the ordinary rules of contract interpretation. "Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. (Civ. Code, § 1636.) Such intent is to be inferred, if possible, solely from the written provisions of the contract. (*Id.,* § 1639.) The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage' (*id.,* § 1644), controls judicial interpretation. (*Id.,* § 1638.) ▮ Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning. (See, e.g., *Reserve Insurance Co.* v. *Pisciotta* (1982) 30 Cal.3d 800, 807 [180 Cal.Rptr. 628, 640 P.2d 764]; *Crane* v. *State Farm Fire & Cas. Co.* (1971) 5 Cal.3d 112, 115 [95 Cal.Rptr. 513, 485 P.2d 1129, 48 A.L.R.3d 1089].)" (*AIU Ins. Co.* v. *Superior Court* (1990) 51 Cal.3d 807, 821-822 [274 Cal.Rptr. 820, 799 P.2d 1253].)

 The purchase agreement does not define the term "prevailing party," nor is there any extrinsic evidence indicating that the parties ascribed to it a particular or special meaning. As used in California statutes, the term has more than one technical meaning. For purposes of the cost statutes, the term "prevailing party" includes a party in whose favor a judgment of dismissal has been entered. (Code Civ. Proc., § 1032, subd. (a)(4).) Under subdivision (b)(2) of Civil Code section 1717, however, there is no prevailing party when the action has been voluntarily dismissed. Because "prevailing party" has no settled technical meaning as including or excluding a party in whose favor a dismissal has been entered, we will assume, in the absence of evidence to the contrary, that the parties understood the term in its ordinary or popular sense.[5]

Giving the term "prevailing party" its ordinary or popular sense, the seller defendants are the prevailing parties in this litigation. Plaintiffs' objective in bringing this litigation was to obtain the relief requested in the complaint. The objective of the seller defendants in this litigation was to prevent plaintiffs from obtaining that relief. Because the litigation terminated in voluntary dismissal with prejudice, plaintiffs did not obtain by judgment any of the relief they requested, nor does it appear that plaintiffs obtained this relief by another means, such as a settlement. Therefore, plaintiffs failed in their litigation objective · and the seller defendants succeeded in theirs. Giving the term "prevailing party" its ordinary or popular meaning, the seller defendants are the "prevailing part[ies]" under their agreement with plaintiffs, and, if we consider only the rules of contract law, they are entitled to recover the amounts they incurred as attorney fees in defending all claims asserted in this action.

### D. *Civil Code Section 1717 and Olen*

Having concluded that under the cost statutes and under the terms of their agreement with plaintiffs the seller defendants are entitled to recover their attorney fees as costs, we come to the main issue presented here, which is whether such recovery is precluded by either Civil Code section 1717 (hereafter section 1717) or the decision of this court in *Olen, supra,* 21 Cal.3d 218. To resolve this issue, we begin with descriptions of both section 1717 and *Olen* and then proceed to decide whether they apply on the facts of this case and, if so, what effect they have on defendants' claim for attorney fees.

---

[5]To the extent it is inconsistent with this analysis, we disapprove *Sweat* v. *Hollister* (1995) 37 Cal.App.4th 603, 611, fn. 7 [43 Cal.Rptr.2d 399].

### 1. *Section 1717*

The text of section 1717, as it concerns us here, reads:

"(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

"Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract.

"Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.

"Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.

"(b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

"(2) Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."

■ The primary purpose of section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions. (*Trope* v. *Katz, supra,* 11 Cal.4th 274, 285, 289.) Courts have recognized that section 1717 has this effect in at least two distinct situations.

The first situation in which section 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy, is "when the contract

provides the right to one party but not to the other." (*Olen, supra,* 21 Cal.3d 218, 223.) In this situation, the effect of section 1717 is to allow recovery of attorney fees by whichever contracting party prevails, "whether he or she is the party specified in the contract or not" (§ 1717, subd. (a)).

The second situation in which section 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy, is when a person sued on a contract containing a provision for attorney fees to the prevailing party defends the litigation "by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract." (*North Associates* v. *Bell* (1986) 184 Cal.App.3d 860, 865 [229 Cal.Rptr. 305].) Because these arguments are inconsistent with a contractual claim for attorney fees under the same agreement, a party prevailing on any of these bases usually cannot claim attorney fees as a contractual right. If section 1717 did not apply in this situation, the right to attorney fees would be effectively unilateral—regardless of the reciprocal wording of the attorney fee provision allowing attorney fees to the prevailing attorney—because only the party seeking to affirm and enforce the agreement could invoke its attorney fee provision. To ensure mutuality of remedy in this situation, it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed. (See, e.g., *Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 128-129 [158 Cal.Rptr. 1, 599 P.2d 83]; *North Associates* v. *Bell, supra,* at p. 865.)

### 2. *Olen*

*Olen* concerned two actions to enforce a sublease containing a provision giving the sublessor (but not the sublessee) the right to recover attorney fees incurred to enforce the sublease. (*Olen, supra,* 21 Cal.3d 218, 220.) The sublessor sued in superior court to recover rent and in municipal court for unlawful detainer. (*Ibid.*) The sublessee vacated the premises to the sublessor, who sublet them again to another subtenant at a higher rent. (*Ibid.*) When the sublessor dismissed both actions with prejudice, the defendant sublessee moved in superior court for an award of costs including a $35 filing fee and $1,285 in attorney fees. (*Id.* at p. 221.) The superior court denied the motion for costs. (*Ibid.*) On appeal, this court concluded that the superior court had erred in disallowing the $35 filing fee, but a bare

majority[6] of the court also concluded that the superior court had properly denied attorney fees as costs. (*Ibid.*)

In reaching this conclusion, the *Olen* majority acknowledged that under the cost statute, former Code of Civil Procedure section 1032,[7] the sublessee, as a defendant in whose favor a dismissal had been entered, was entitled as a matter of right to recover his costs. (*Olen, supra,* 21 Cal.3d 218, 221.) But the *Olen* majority also recognized that, under Code of Civil Procedure section 1021, attorney fees are not recoverable as costs "[u]nless authorized by statute or agreement." (*Olen, supra,* at p. 221.) The sublessee claimed entitlement to attorney fees as authorized by section 1717. (*Olen, supra,* at p. 222.) As it then read, section 1717 authorized recovery of attorney fees to the "prevailing party" in " 'any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties . . . .' " (*Olen, supra,* at p. 222.) But section 1717 then defined "prevailing party" simply as " 'the party in whose favor final judgment is rendered.' " (*Olen, supra,* at p. 222, italics omitted.)

The *Olen* majority concluded that a defendant in whose favor a dismissal had been entered was not a party in whose favor a judgment had been "rendered" (and thus not a "prevailing party") because rendition of judgment requires a judicial act by a court, whereas the entry of a dismissal is a ministerial act performed by the court clerk. (*Olen, supra,* 21 Cal.3d 218, 222.) The *Olen* majority further reasoned that denying an award of attorney fees as costs in this situation was consistent with the purpose of section 1717. The *Olen* majority observed, first, that before the enactment of section 1717, attorney fees were not recoverable as costs and therefore could not be included in a cost bill submitted after a voluntary dismissal. (*Olen, supra,* at p. 223.) The *Olen* majority acknowledged that the technical legal basis for this procedural bar appeared to have been removed by a change in the wording of the cost statute, but it nonetheless went on to say that it was "satisfied that sound public policy and recognized equitable considerations require that we adhere to the prior practice of refusing to permit recovery of attorney fees based on contract when the plaintiff voluntarily dismisses prior to trial." (*Ibid.*)

---

[6]The majority consisted of Justice Clark, who authored the opinion, Chief Justice Bird, and Justices Richardson and Manuel. Justice Mosk wrote a dissenting opinion (*Olen, supra,* 21 Cal.3d 218, 225), as did Justice Jefferson, sitting by assignment (*id.* at p. 226). Justice Tobriner signed both dissenting opinions. The dissenting justices did not take issue with the majority's conclusion that the sublessee was entitled to recover the filing fee.

[7]Former Code of Civil Procedure section 1032, enacted in 1933, was repealed in 1986 and replaced by a new Code of Civil Procedure section 1032 addressing the same subject matter. (Stats. 1986, ch. 377, §§ 5-6, pp. 1578-1579.)

Citing certain appellate decisions as authority for the proposition "that the contractual provisions for attorney fees will not be inflexibly enforced and that the form of the judgment is not necessarily controlling, but must give way to equitable considerations" (*Olen, supra,* 21 Cal.3d 218, 224), the *Olen* majority further reasoned that section 1717 "reflects legislative intent that equitable considerations must prevail over both the bargaining power of the parties and the technical rules of contractual construction" (*Olen, supra,* at p. 224). Because the rest of the *Olen* majority's reasoning is central to the issue raised here, we quote it in full:

"Because award of contractual attorney fees is governed by equitable principles, we must reject any rule that permits a defendant to automatically recover fees when the plaintiff has voluntarily dismissed before trial. Although a plaintiff may voluntarily dismiss before trial because he learns that his action is without merit, obviously other reasons may exist causing him to terminate the action. For example, the defendant may grant plaintiff—short of trial—all or substantially all relief sought, or the plaintiff may learn the defendant is insolvent, rendering any judgment hollow. Such defendants may not recover attorney fees within the equitable principles of *Ecco-Phoenix Electric Corp.* [v. *Howard J. White, Inc.* (1969) 1 Cal.3d 266 [81 Cal.Rptr. 849, 461 P.2d 33]]. Moreover, permitting recovery of attorney fees by defendant in all cases of voluntary dismissal before trial would encourage plaintiffs to maintain pointless litigation in moot cases or against insolvent defendants to avoid liability for those fees.

"It has been suggested that in pretrial dismissal cases the court should determine whether, and to what extent, the complaint is meritorious and award attorney fees accordingly. However, to arrive at that determination would require the court to try the entire case. The purpose of litigation is to resolve participants' disputes, not compensate participating attorneys. Our courts are sufficiently burdened without combat kept alive solely for attorney fees.

"In pretrial dismissal cases, we are faced with a Hobson's choice of either (1) adopting an automatic right to attorney fees, thereby encouraging the maintenance of pointless litigation and violating the equitable principles which should govern attorney fee clauses, (2) providing for application of equitable considerations, requiring use of scarce judicial resources for trial of the merits of dismissed actions, or (3) continuing the former rule, denying attorney fees in spite of agreement. We are satisfied that concern for the efficient and equitable administration of justice requires that the parties in pretrial dismissal cases be left to bear their own attorney fees, whether [the] claim is asserted on the basis of the contract or section 1717's reciprocal right." (*Olen, supra,* 21 Cal.3d 218, 224-225.)

In 1981, after this court's decision in *Olen, supra,* 21 Cal.3d 218, the Legislature amended section 1717. (Stats. 1981, ch. 888, § 1, p. 3399.) It deleted the definition of "prevailing party" as "the party in whose favor final judgment is rendered," and added, among others, the provision, persisting in the current version of section 1717, that "there shall be no prevailing party" if the action "has been voluntarily dismissed or dismissed pursuant to a settlement of the case." (*Id.,* subd. (b)(2).)

### E. *Application of Section 1717 and Olen to This Action*

#### 1. *Section 1717*

 In his concurring opinion, Presiding Justice Kline took the position that section 1717 does not apply to this action because it is restricted to unilateral attorney fee provisions—that is, provisions that give the attorney fees recovery right to one of the contracting parties but not to the other. Although this construction is consistent with the language of section 1717 as originally enacted (see Stats. 1968, ch. 266, § 1, p. 578 [granting reciprocal right "where such contract specifically provides that attorney's fees and costs . . . shall be awarded to one of the parties . . ."]), it is inconsistent with the language of section 1717 as it now reads. Since 1981, section 1717 has applied, in the statute's own words, "where the contract specifically provides that attorney's fees and costs . . . shall be awarded *either to one of the parties or to the prevailing party . . .*" (§ 1717, subd. (a), italics added; see Stats. 1981, ch. 888, § 1, p. 3399). Giving effect to the plain meaning of the statute's words—and guided by its purpose of ensuring mutuality of remedy when a party sued on a contract containing a reciprocal attorney fee provision successfully defends on the basis that no contract was ever formed, that the contract is invalid, or that he or she was not a party to the contract—we conclude that section 1717 applies to contracts containing reciprocal as well as unilateral attorney fee provisions, including provisions, like the one at issue here, authorizing recovery of attorney fees by a "prevailing party."[8] Thus, section 1717 applies to the contractual attorney fee provision at issue here.

The Court of Appeal majority concluded that plaintiffs' action was entirely outside the scope of section 1717 for a different reason—because the action asserted only tort claims. Recognizing that plaintiffs had framed their complaint as including one claim denominated "Breach of Contract," the Court of Appeal majority concluded that "[t]he 'breach of contract' count is actually a misnomer, since the alleged 'breach' is the failure to disclose certain defects in the property, a claim rooted exclusively in tort."

---

[8]To the extent it is inconsistent with this conclusion, we disapprove *Honey Baked Hams, Inc.* v. *Dickens, supra,* 37 Cal.App.4th 421, 426.

We agree with the Court of Appeal majority that this action is outside the ambit of section 1717 insofar as it asserts tort claims. The operative language of section 1717 states that it applies "[i]n *any action on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred *to enforce that contract*, shall be awarded either to one of the parties or to the prevailing party . . . ." (§ 1717, subd. (a), italics added.) Consistent with this language, this court has held that section 1717 applies only to actions that contain at least one contract claim. (*Stout* v. *Turney* (1978) 22 Cal.3d 718, 730 [150 Cal.Rptr. 637, 586 P.2d 1228]; see also *Moallem* v. *Coldwell Banker Com. Group, Inc.* (1994) 25 Cal.App.4th 1827, 1832-1833 [31 Cal.Rptr.2d 253].) If an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims. (*Reynolds Metals Co.* v. *Alperson, supra*, 25 Cal.3d 124, 129-130.)

Although we agree with the Court of Appeal majority that section 1717 is limited to contract claims, we do not agree with the Court of Appeal majority that plaintiffs mislabeled their "breach of contract" claim. Under that claim, the alleged breach did not consist of a "failure to disclose certain defects in the property," as the Court of Appeal majority asserted. Rather, the complaint alleged that "defendants breached the contract by failing to provide for the premises to be without structural defect and roof leakage; failing to replace chimney caps; failing to install downspout; failing to repair broken front door lock; failing to complete work recommended by Dudley Termite report, including the second inspection; and all the work necessary for energy conservation ordinance clearance including the repair of the windows." Thus, the complaint alleged a breach of contract consisting of the seller defendants' failure to perform repairs and other remedial work required by the contract in connection with the sale. This claim sounds in contract, not tort, and is therefore an "action on a contract" within the meaning of section 1717.

Because plaintiffs' complaint includes a claim for breach of contract within the scope of section 1717, we must look to section 1717 to determine whether the seller defendants are "part[ies] prevailing on the contract" who may recover attorney fees incurred in the defense of that claim. As here relevant, subdivision (b)(2) of section 1717 provides: "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." Under section 1717, therefore, the seller defendants are not "part[ies] prevailing on the contract" and may not recover the attorney fees they incurred in the defense of the contract claim.

Defendants may be understood to argue, as Justice Baxter argues in his concurring and dissenting opinion, *post*, that even if, as we have concluded,

they are not "prevailing part[ies]" as defined in section 1717, and thus they may not claim attorney fees under section 1717, their contractual right to recover attorney fees is not affected by section 1717. Stated differently, defendants argue in favor of a construction of section 1717 under which that provision operates only to *permit* recovery of attorney fees that would not otherwise be recoverable as a matter of contract law and never to *bar* recovery of attorney fees that would otherwise be recoverable as a matter of contract law. We reject this construction of section 1717 for two reasons.

First, this construction would be inconsistent with the legislative history of section 1717. That history generally reflects a legislative intent to establish uniform treatment of fee recoveries in actions on contracts containing attorney fee provisions and to eliminate distinctions based on whether recovery was authorized by statute or by contract. A holding that in contract actions there is still a separate contractual right to recover fees that is not governed by section 1717 would be contrary to this legislative intent. More specifically, the 1981 amendment of section 1717 followed *Olen, supra,* 21 Cal.3d 218, in which this court held that "recovery of attorney fees *based on contract*" is not permitted "when the plaintiff voluntarily dismisses prior to trial." (*Id.* at p. 223, italics added.) Among other things, we stated: "We are satisfied that concern for the efficient and equitable administration of justice requires that the parties in pretrial dismissal cases be left to bear their own attorney fees, *whether [the] claim is asserted on the basis of the contract or section 1717's reciprocal right.*" (*Id.* at p. 225, italics added.) Thus, this court imposed a bar on the recovery of attorney fees in pretrial dismissal cases that operated not only in those cases in which the party seeking attorney fees necessarily relied on section 1717 but also in those cases in which the party seeking attorney fees would otherwise have a valid contractual attorney fee claim without resort to the provisions of section 1717.

By the 1981 amendment of section 1717, the Legislature codified this court's holding in *Olen.* (*Hsu* v. *Abbara* (1995) 9 Cal.4th 863, 873 [39 Cal.Rptr.2d 824, 891 P.2d 804].) Therefore, *Olen* is properly consulted to determine the meaning and scope of the language added by the 1981 amendment. To be consistent with the logic of *Olen,* that language should be construed as barring recovery of attorney fees in pretrial dismissal cases whether those fees are sought on the basis of the contractual provision or under section 1717.

Second, defendants' proposed construction would, in voluntary dismissal cases, defeat the underlying purpose of section 1717 to assure mutuality of remedy for attorney fees claims based on contractual attorney fee provisions. This is so because adoption of the proposed construction would mean that

whenever an "action on a contract" terminated by voluntary dismissal, and thus there was no prevailing party for purposes of recovering attorney fees under section 1717, the right to recover attorney fees would be governed entirely by contract law and would depend on whether the contractual attorney fee provision was unilateral or reciprocal, and on whether the defendant had alleged that the contract was inapplicable, unenforceable, invalid, or nonexistent. In short, for all "action[s] on a contract" that terminate by voluntary dismissal or dismissal pursuant to settlement, this proposed construction of section 1717 would result in exactly the sort of one-sided enforcement of contractual attorney fee provisions that section 1717 was intended to preclude.

Accordingly, we construe subdivision (b)(2) of section 1717, which provides that "[w]here an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section," as overriding or nullifying conflicting contractual provisions, such as provisions expressly allowing recovery of attorney fees in the event of voluntary dismissal or defining "prevailing party" as including parties in whose favor a dismissal has been entered. When a plaintiff files a complaint containing causes of action within the scope of section 1717 (that is, causes of action sounding in contract and based on a contract containing an attorney fee provision), and the plaintiff thereafter voluntarily dismisses the action, section 1717 bars the defendant from recovering attorney fees incurred in defending those causes of action, *even though the contract on its own terms authorizes recovery of those fees*.

This bar, however, applies *only* to causes of action that are based on the contract and are therefore within the scope of section 1717. If the voluntarily dismissed action also asserts causes of action that do not sound in contract, those causes of action are not covered by section 1717, and the attorney fee provision, depending upon its wording, may afford the defendant a contractual right, not affected by section 1717, to recover attorney fees incurred in litigating those causes of action. Similarly, if a plaintiff voluntarily dismisses an action asserting *only* tort claims (which are beyond the scope of section 1717), and the defendant, relying on the terms of a contractual attorney fee provision, seeks recovery of *all* attorney fees incurred in defending the action, the plaintiff could not successfully invoke section 1717 as a bar to such recovery.

In this regard, we reject plaintiffs' argument, based on their reading of subdivision (c)(5) of Code of Civil Procedure section 1033.5, that attorney fees due under a contractual attorney fee provision may be recovered as costs *only* when expressly allowed under the terms of section 1717, and thus

that attorney fees incurred to litigate tort or other noncontract claims, which are outside the scope of section 1717, may never be recovered as costs under a contractual attorney fee provision.

To understand plaintiffs' argument, it is necessary to review the language of Code of Civil Procedure section 1033.5. Subdivision (a)(10) of that section provides that attorney fees are recoverable as costs "when authorized by any of the following: [¶] (A) Contract. [¶] (B) Statute. [¶] (C) Law." As here relevant, subdivision (c)(5) of the same section provides: "Attorney's fees allowable as costs pursuant to subparagraph (B) of paragraph (10) of subdivision (a) may be fixed as follows: (A) upon a noticed motion, (B) at the time a statement of decision is rendered, (C) upon application supported by affidavit made concurrently with a claim for other costs, or (D) upon entry of default judgment. Attorney's fees allowable as costs pursuant to subparagraph (A) or (C) of paragraph (10) of subdivision (a) shall be fixed either upon a noticed motion or upon entry of a default judgment, unless otherwise provided by stipulation of the parties. [¶] Attorney's fees awarded pursuant to Section 1717 of the Civil Code are allowable costs under Section 1032 as authorized by subparagraph (A) of paragraph (10) of subdivision (a)." (Code Civ. Proc., § 1033.5, subd. (c)(5).)

Plaintiffs read the last sentence as meaning that "attorney's fees awarded pursuant to section 1717 are the only costs allowable under Section 1032 as authorized by subparagraph (A) of paragraph (10) of subdivision (a), (relating to contractual fees)." We find no support in the language of the statute, or otherwise, for the assertion that contractual attorney fees may be awarded as costs *only* under section 1717.

As is evident from its substance, subdivision (c)(5) of Code of Civil Procedure section 1033.5 is procedural, its purpose being to specify the *methods* by which a court may fix the amount of attorney fees claimed as costs. The subdivision lists four such methods—in response to a noticed motion, in a statement of decision, in response to an application made concurrently with a claim for other costs, and upon entry of default judgment. The subdivision provides that if the legal basis of the attorney fees claim is a statute, any of these methods may be used, but if the legal basis is a contract or nonstatutory law, then only two of these methods—in response to a noticed motion or upon entry of default judgment—are permitted, unless the parties stipulate otherwise. Finally, the statute provides that *for the purpose of determining which methods are available*, attorney fee claims under section 1717 are to be treated as claims based on contract rather than as claims based on statute.

The Legislature apparently added this last provision because it recognized that fee claims under section 1717 are based in part on a contractual

provision and in part on a statute (that is, section 1717). To avoid any uncertainty about the proper classification of section 1717 attorney fees claims, the Legislature specified that they should be regarded as claims based on contract. Had the Legislature intended to make attorney fees owing under a contractual attorney fee provision recoverable as costs *only* when authorized by section 1717, the logical place to express such a substantive restriction would have been subdivision (a)(10)(A) of Code of Civil Procedure section 1033.5. We decline to read subdivision (c)(5) of that section as imposing any such restriction.

We summarize our conclusions to this point. Under section 1717, the seller defendants are not "part[ies] prevailing on the contract" because that section specifies that there is no party prevailing on the contract when, as here, the plaintiffs have voluntarily dismissed the action, and therefore defendants may not recover the attorney fees they incurred in the defense of the contract claim. But this conclusion does not affect the seller defendants' right to recover as costs the attorney fees they incurred in defense of the tort claims. Because section 1717 does not apply to those claims (*Reynolds Metals Co.* v. *Alperson, supra,* 25 Cal.3d 124, 129-130; *Stout* v. *Turney, supra,* 22 Cal.3d 718, 730; *Moallem* v. *Coldwell Banker Com. Group, Inc., supra,* 25 Cal.App.4th 1827, 1831-1832), it does not bar recovery of attorney fees that were incurred in litigation of those claims and that are otherwise recoverable as a matter of contract law.

### 2. *Olen*

Does this court's holding in *Olen, supra,* 21 Cal.3d 218, bar recovery, under a contractual attorney fee provision, of attorney fees incurred for the defense of tort or other noncontract claims that are outside the scope of section 1717? How best to answer this question has divided the Courts of Appeal.

In *Jue* v. *Patton, supra,* 33 Cal.App.4th 456, the Court of Appeal read *Olen, supra,* 21 Cal.3d 218, as establishing a broad rule that whenever a claim for attorney fees is based on a contractual attorney fee provision, attorney fees are not recoverable as costs if the action has terminated by pretrial dismissal. The *Jue* court cited our statement in *Olen* "that concern for the efficient and equitable administration of justice requires that the parties in pretrial dismissal cases be left to bear their own attorney fees, *whether [the] claim is asserted on the basis of the contract or section 1717's reciprocal right.*" (*Olen, supra,* 21 Cal.3d 218, 225, italics added.) In the

present case, the Court of Appeal read *Olen* as establishing a narrower rule applying only to those actions and claims that are subject to section 1717. Regarding the sentence from *Olen* just quoted, the Court of Appeal stated: "Given the nature of its prior discussion and the narrow question before it, we think it unlikely that the court intended this single sentence to announce a new rule governing pretrial dismissals extending beyond the scope of section 1717." (See also *Kelley* v. *Bredelis, supra,* 45 Cal.App.4th 1819, 1828-1829; *Honey Baked Hams, Inc.* v. *Dickens, supra,* 37 Cal.App.4th 421, 427.)

This court's subsequent references to *Olen, supra,* 21 Cal.3d 218, suggest that we have viewed that decision narrowly as deciding only the right *under section 1717* to recover attorney fees as costs in pretrial dismissal cases. For example, we have cited *Olen* for the proposition that "[c]ontractual fees should not be awarded *under Civil Code section 1717* where plaintiffs voluntarily dismiss an action without prejudice before trial" (*Folsom* v. *Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 686, fn. 34 [186 Cal.Rptr. 589, 652 P.2d 437], italics added, original italics omitted), and we commented that this rule was "premised on the avoidance of pointless litigation . . . *as well as statutory language providing that the prevailing party is 'the party in whose favor final judgment is rendered'* " (*ibid.,* italics added). More recently, we described *Olen* as a decision in which "this court determined that a defendant could not recover attorney fees *under section 1717* when the plaintiff voluntarily dismissed the action before trial." (*Hsu* v. *Abbara, supra,* 9 Cal.4th 863, 872, italics added.)

■ An appellate decision is not authority for everything said in the court's opinion but only "for the points actually involved and actually decided." (*Childers* v. *Childers* (1946) 74 Cal.App.2d 56, 61 [168 P.2d 218], italics omitted; accord, *Trope* v. *Katz, supra,* 11 Cal.4th 274, 284.) ■ In *Olen*, the point "actually involved and actually decided" was the right to recover attorney fees *under section 1717* following voluntary pretrial dismissal of the action. The case did not present an issue concerning the right to recover attorney fees under a contractual attorney fee provision as applied to claims or actions sounding in tort rather than contract and thus outside the scope of section 1717. Therefore, *Olen, supra,* 21 Cal.3d 218, is not authority in the latter situation.

To read *Olen* as establishing a rule extending beyond the reach of section 1717 would mean that our decision did not merely engage in statutory construction of section 1717 but instead independently declared contractual attorney fee provisions unenforceable, on public policy grounds, in all

pretrial dismissal cases. Historically, this court has been reluctant to declare contractual provisions void or unenforceable on public policy grounds without firm legislative guidance. (See *Stevenson* v. *Superior Court* (1997) 16 Cal.4th 880, 889-890 [66 Cal.Rptr.2d 888, 941 P.2d 1157]; *Gantt* v. *Sentry Insurance* (1992) 1 Cal.4th 1083, 1095 [4 Cal.Rptr.2d 874, 824 P.2d 680].) When this court decided *Olen, supra,* 21 Cal.3d 218, there was no statutory or constitutional provision clearly articulating a public policy against enforcement of contractual attorney fee provisions in voluntary pretrial dismissal cases. In response to *Olen,* the Legislature barred attorney fee awards in voluntarily dismissed actions within the scope of section 1717, but the Legislature did not act to expand the scope of section 1717 to encompass tort and other noncontract claims arising from contracts containing broadly worded attorney fee provisions, nor did it enact separate legislation to address such claims or otherwise articulate public policy as permitting or precluding attorney fee awards as costs for such claims. Given this legislative inaction, we cannot assume that the Legislature views such awards as against public policy. Indeed, as Presiding Justice Kline observed in his concurring opinion in this case, the 1986 enactment of the current version of Code of Civil Procedure section 1032, defining "prevailing party" for purposes of costs as *including* a party in whose favor a dismissal has been entered, and the 1990 amendment of Code of Civil Procedure section 1033.5, defining awardable costs as including attorney fees authorized by contract, at least *suggest* that the Legislature does not view contractual attorney fee cost awards in voluntary pretrial dismissal cases as necessarily or invariably being against public policy. (See also *Kelley* v. *Bredelis, supra,* 45 Cal.App.4th 1819, 1829; *Honey Baked Hams, Inc.* v. *Dickens, supra,* 37 Cal.App.4th 421, 427-428.)

Moreover, upon fresh consideration of the matter, we are of the view that the practical difficulties associated with contractual attorney fee cost determinations in voluntary pretrial dismissal cases are not as great as suggested by the majority in *Olen, supra,* 21 Cal.3d 218. The *Olen* majority soundly reasoned that attorney fees should not be awarded *automatically* to parties in whose favor a voluntary dismissal has been entered. In particular, it seems inaccurate to characterize the defendant as the "prevailing party" if the plaintiff dismissed the action only after obtaining, by means of settlement or otherwise, all or most of the requested relief, or if the plaintiff dismissed for reasons, such as the defendant's insolvency, that have nothing to do with the probability of success on the merits. The *Olen* majority also soundly reasoned that scarce judicial resources should not be used to try the merits of voluntarily dismissed actions merely to determine which party would or should have prevailed had the action not been dismissed. But we do not agree that the only remaining alternative is an inflexible rule denying

contractual attorney fees as costs in all voluntary pretrial dismissal cases. Rather, a court may determine whether there is a prevailing party, and if so which party meets that definition, by examining the terms of the contract at issue, including any contractual definition of the term "prevailing party" and any contractual provision governing payment of attorney fees in the event of dismissal. If, as here, the contract allows the prevailing party to recover attorney fees but does not define "prevailing party" or expressly either authorize or bar recovery of attorney fees in the event an action is dismissed, a court may base its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise. (See *Hsu* v. *Abbara, supra,* 9 Cal.4th 863, 877.)

For all of these reasons, we conclude that this court's decision in *Olen, supra,* 21 Cal.3d 218, did not establish an inflexible rule of contract law operating beyond the scope of section 1717, but rather, as the Court of Appeal concluded here, *Olen* merely construed section 1717 and has been effectively superseded by the 1981 amendment of section 1717 codifying its holding.

## III. Conclusion

As set forth above, we conclude that contractual attorney fee provisions are generally enforceable in voluntary pretrial dismissal cases except as barred by section 1717.[9] Applying this rule to the facts presented here, we further conclude that the seller defendants are entitled under the attorney fee provision of the purchase agreement to recover as costs the amount they incurred in attorney fees to defend the tort claims asserted against them in this action, and that section 1717 does not bar recovery of these fees. But we

---

[9]To the extent they are inconsistent with this conclusion, we disapprove *Jue* v. *Patton, supra,* 33 Cal.App.4th 456, and *Ryder* v. *Peterson, supra,* 51 Cal.App.4th 1056.

We perceive no inconsistency between our conclusion here and the decision in *Rosen* v. *Robert P. Warmington Co.* (1988) 201 Cal.App.3d 939 [247 Cal.Rptr. 635], in which the Court of Appeal upheld the trial court's decision denying attorney fees following the dismissal of an action asserting both contract and tort claims arising from a real property lease agreement. The attorney fee provision at issue in that case, unlike the one at issue here, was narrowly drawn to cover only claims " 'to recover the possession of the demised premises, collect any money due . . . hereunder or enforce any other provision, condition or agreement of this lease . . . .' " (*Id.* at p. 941, fn. 1.) Thus, the defendant had no contractual right under the lease to recover attorney fees incurred in defense of the tort claims.

also conclude that section 1717 does bar the recovery of attorney fees incurred in the defense of the breach of contract claim.[10]

The judgment of the Court of Appeal is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.

George, C. J., Mosk, J., and Chin, J., concurred.

**MOSK, J.**—I concur. Although I believe it is a close question, I agree with the majority that Civil Code section 1717 applies in this matter to bar recovery of attorney fees for defending contract claims after voluntary dismissal. I am persuaded that Civil Code section 1717 applies without regard to whether the attorney fee provision is drafted as a nonreciprocal or reciprocal agreement, based on the statute's reference to "any action on a contract, where the contract specifically provides that attorney's fees and costs . . . shall be awarded *either to one of the parties or to the prevailing party* . . . ." (*Ibid.*, italics added.)

As the majority observe, in providing that "[w]here an action has been voluntarily dismissed . . . , there shall be no prevailing party for the purposes of this section . . . ." Civil Code section 1717 effectively codified the majority decision in *International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d 1031], from which I dissented (*id.* at pp. 225-226 (dis. opn. by Mosk, J.)). *Olen* held, in my view incorrectly, that public policy and equitable considerations precluded recovery of attorney fees based on contract when the plaintiff voluntarily dismisses an action prior to trial. As the majority also observe, however, the Legislature subsequently enacted provisions at least suggesting that it does *not* view contractual attorney fee costs in the case of a voluntary pretrial dismissal as necessarily or invariably against public policy. (Maj. opn., *ante*, at p. 621.) Thus, Code of Civil Procedure section 1032 defines "prevailing party" for the purposes of costs as *including* a party in whose favor a dismissal has been entered, and the 1990 amendment of Code of Civil Procedure section 1033.5 defines awardable costs as including attorney fees authorized by contract.

The apparent inconsistency on this point of public policy between the Civil Code section 1717 and Code of Civil Procedure sections 1032 and

---

[10]We foresee that upon remand a question may arise regarding defendants' right to recover as costs attorney fees they incurred to litigate issues common to the contract and tort claims. (Cf. *Reynolds Metals Co.* v. *Alperson, supra,* 25 Cal.3d 124, 129-130.) Because the Court of Appeal did not address this allocation issue, and because the parties did not brief it in this court, we decline to express any opinion here on its proper resolution.

1033.5 indicates the need for legislative reconsideration of the underlying question: Is an award of attorney fees fair for the party who prevails not in a trial but by virtue of his opponent's voluntary dismissal? In my view, the answer is affirmative.

It is true that counsel was not required to participate in the travail of a contested trial, with all of its time-consuming complexities and uncertainties. Nevertheless the attorney whose client is the beneficiary of a dismissal has necessarily interviewed the client perhaps numerous times, may have sought witnesses, prepared pleadings, perhaps taken depositions and, in short, performed many or all of the preparations in anticipation of a contested trial. Although the trial did not materialize, substantial attorney services may have been performed and the desired result has prevailed.

Therefore I see no basic unfairness in an award of attorney fees to the party whose position prevails in the absence of a formal trial.

**BAXTER, J.,** Concurring and Dissenting.—In order to assure mutuality of remedy with respect to contractually authorized attorney fees, Civil Code section 1717 (hereafter section 1717) creates a reciprocal right to such fees whenever an attorney fees clause benefits fewer than all of the parties involved in litigation over a contract containing such a clause. (§ 1717, subd. (a).) By its own terms, however, section 1717 does not permit recovery of attorney fees for the defense of an action that is voluntarily dismissed prior to trial. (§ 1717, subd. (b)(2).) The question we must decide today is this: Where, as here, a contract contains an attorney fees clause that is fully reciprocal in nature, does section 1717 defeat the prevailing parties' contractual right to recover attorney fees when the action arising out of that contract has been voluntarily dismissed? Although the majority respond to this question in mixed fashion, I believe the answer simply is no.

To clarify my position, I concur with the majority's conclusion that section 1717 does not defeat defendants' contractual right to recover attorney fees incurred in the litigation of plaintiffs' voluntarily dismissed tort causes of action. However, I conclude that section also presents no obstacle to defendants' recovery of fees with respect to the voluntarily dismissed contract claim. Indeed, as I shall explain, an entirely different set of statutes governs here because both sides to the instant litigation are bound by a mutually beneficial or "bilateral" fee clause.

In California, the Legislature has long sanctioned the right of parties to contract for the recovery of attorney fees in the event of litigation. (Code Civ. Proc., § 1021, enacted 1872.) In 1990, legislation was enacted specifying that contractually authorized attorney fees "are allowable as costs" under

Code of Civil Procedure section 1032. (Code Civ. Proc., § 1033.5, subd. (a)(10)(A), as amended by Stats. 1990, ch. 804, § 1, p. 3551.) Under Code of Civil Procedure section 1032, a "prevailing party" is ordinarily entitled "as a matter of right" to recover costs in any action. (Code Civ. Proc., § 1032, subd. (b).) As defined by that statute, a prevailing party includes, inter alia, "a defendant in whose favor a dismissal is entered." (Code Civ. Proc., § 1032, subd. (a)(4).)

In the case before us, plaintiffs and defendants entered into a real estate purchase agreement that contained a reciprocal provision for attorney fees broadly covering both contract and tort claims. When plaintiffs discovered defects in the real estate they purchased from defendants, they filed a complaint that alleged both contract and tort causes of action. After discovery but before any trial, plaintiffs chose to voluntarily dismiss their action with prejudice.

As the majority correctly observe, defendants are entitled to recover their attorney fees as costs both under Code of Civil Procedure sections 1021, 1032 and 1033.5, and under the terms of their agreement with plaintiffs. (Maj. opn., *ante*, at pp. 606-609.) However, the majority determine that section 1717 bars the recovery of attorney fees incurred in the defense of the voluntarily dismissed contract claim. I disagree. The language and legislative histories of the relevant statutes make clear that section 1717 has no application in the instant case.

Code of Civil Procedure section 1021 is unambiguous in stating that "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ." As the majority apparently agree (maj. opn., *ante*, at p. 607, fn. 4), this statute evinces a legislative intent that attorney fees incurred in prosecuting or defending an action ordinarily are not recoverable as costs unless authorized by statute or by the parties' agreement. (*Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 127 [158 Cal.Rptr. 1, 599 P.2d 83].)

Prior to the enactment of section 1717, not all parties who prevailed in actions over contracts with attorney fees clauses could assert a contractual right to recover such fees. For instance, many contracts contained so-called "unilateral" fee clauses that provided the right to attorney fees to one party but not to the other. Concerned that parties not having the benefit of such clauses were at a serious disadvantage in litigation, the Legislature enacted section 1717 to establish " 'mutuality of remedy' " and to prevent " 'oppressive use of one-sided attorney's fees provisions.' " (*Hsu* v. *Abbara* (1995) 9

Cal.4th 863, 870 [39 Cal.Rptr.2d 824, 891 P.2d 804]; *Reynolds Metals Co.* v. *Alperson, supra,* 25 Cal.3d at p. 128; see generally, Review of Selected 1968 Code Legislation (Cont.Ed.Bar 1968) p. 35.)

As originally enacted in 1968, section 1717 provided in relevant part: "In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disburse- ments. . . ." (Stats. 1968, ch. 266, § 1, p. 578.) As interpreted by case law, the statute accomplished several purposes. First, it created a reciprocal right to attorney fees when the contract at issue contained a unilateral fee clause. (See *International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218, 223 [145 Cal.Rptr. 691, 577 P.2d 1031] (hereafter *Olen*).) Second, it permitted recov- ery of attorney fees when a nonsignatory to a contract prevailed in defending a contract action, if the plaintiff would have been contractually entitled to attorney fees had it prevailed in enforcing the contract. (*Reynolds Metal Co.* v. *Alperson, supra,* 25 Cal.3d at p. 128.) Third, it provided a procedural mechanism by which parties to either unilateral or bilateral attorney fee agreements were allowed to recover their attorney fees as items of costs rather than as special damages. (*Beneficial Standard Properties, Inc.* v. *Scharps* (1977) 67 Cal.App.3d 227, 231-232 [136 Cal.Rptr. 549] [bilateral provisions]; *T.E.D. Bearing Co.* v. *Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59 [112 Cal.Rptr. 910] [unilateral provisions]; contra, *Mabee* v. *Nurseryland Garden Centers, Inc.* (1979) 88 Cal.App.3d 420 [152 Cal.Rptr. 31].)

In 1981, the Legislature amended section 1717. As pertinent here, the statute was divided into subdivisions and the substance of the language quoted above was placed in subdivision (a). Consistent with the case law cited above, subdivision (a) provided in express terms: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements. . . ." (Stats. 1981, ch. 888, § 1, p. 3399.) Substantially similar language appears in the current version of the statute.[1] Although, as I mentioned previously and will later explain more fully, prevailing parties subject to bilateral fee agreements may

---

[1]As it currently reads, subdivision (a) of section 1717 provides in relevant part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs,

now proceed under. Code of Civil Procedure sections 1032 and 1033.5 to recover their contractual fees as costs, section 1717 remains vital for purposes of assuring mutuality of remedy for parties litigating under one-sided fee agreements.

Subdivision (b)(2) was also added to section 1717 in 1981. The relevant portion of that provision, which has remained unchanged to this day, reads: "Where an action has been voluntarily dismissed . . . , there shall be no prevailing party *for purposes of this section.* . . ." (Italics added.) Thus, when a party relies upon section 1717 to establish a reciprocal right to attorney fees, the restriction set forth in subdivision (b)(2) will preclude recovery if the action has been voluntarily dismissed prior to trial. Conversely, when the contract itself establishes mutuality of remedy for all parties to an action on the contract, the restriction has no application and the "measure and mode of compensation of attorneys . . . is left to the agreement . . . of the parties." (Code Civ. Proc., § 1021.)

Even though section 1717, subdivision (b)(2), by its own terms specifies a restrictive definition of the term "prevailing party" strictly *"for purposes of th[at] section"* (italics added), the majority proceed to find such definition controlling whether or not resort to section 1717's reciprocity provisions is necessary to extend the benefit of an attorney fees clause to all of the parties to an action on a contract. To support such widespread application of subdivision (b)(2)'s bar, the majority rely in part upon the 1981 legislative amendment to subdivision (a) that revised its language to expressly provide that the party who is determined to be the prevailing party "shall be entitled to reasonable attorney's fees" in addition to other costs where the contract specifically provides that such fees and costs shall be awarded *"either to one of the parties or to the prevailing party* . . . whether he or she is the party specified in the contract or not." (§ 1717, subd. (a), italics added, as amended by Stats. 1981, ch. 888, § 1, p. 3399.) But while that language establishes in clear terms that attorney fees may be claimed as costs by any party, including a nonsignatory, who prevails in a contract action where the contract contains either a unilateral or a bilateral fee provision, it falls far short of suggesting that subdivision (b)(2)'s voluntary dismissal provision shall apply even when the claim for fees is not dependent upon the statute.

In an attempt to bolster their expansive reading of section 1717, the majority reach back to our 1978 decision in *Olen, supra,* 21 Cal.3d 218, to

---

which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. . . ." (Stats. 1987, ch. 1080, § 1, p. 3648.)

determine the meaning and scope of the voluntary dismissal provision.[2] (Maj. opn., *ante*, at p. 616.) Emphasizing *Olen*'s conclusion that "concern for the efficient and equitable administration of justice requires that the parties in pretrial dismissal cases be left to bear their own attorney fees, *whether [the] claim is asserted on the basis of the contract or section 1717's reciprocal right*" (*Olen, supra*, 21 Cal.3d at p. 225, italics added), the majority perceive *Olen* as holding that, with respect to attorney fees incurred in litigation over contract claims, the voluntary dismissal bar extends both to fee claims based on section 1717 and to contractual fee claims that are independent of the provisions of section 1717. (Maj. opn., *ante*, at pp. 615-616.)

In *Honey Baked Hams, Inc.* v. *Dickens* (1995) 37 Cal.App.4th 421 [43 Cal.Rptr.2d 595] (hereafter *Dickens*), the Court of Appeal exposed the flaw in the foregoing reasoning. As *Dickens* pointed out, *Olen* involved a situation in which the party seeking attorney fees had to rely exclusively on section 1717 because the contract at issue contained a *nonreciprocal* attorney fee provision in favor of the other party. (*Dickens, supra*, 37 Cal.App.4th at p. 426; see *Olen, supra*, 21 Cal.3d at pp. 220, 222.) At the time *Olen* was decided, section 1717 did not expressly provide there would be no prevailing party in cases of voluntary dismissal; instead it simply defined the term "prevailing party" to mean "the party in whose favor final judgment is rendered." (Stats. 1968, ch. 266, § 1, p. 578.) Relying on public policy and equitable considerations, *Olen* held that a defendant is not entitled *under section 1717* to attorney fees as a prevailing party when the plaintiff has voluntarily dismissed its action prior to trial.

As *Dickens* explained, while it is true that *Olen* discussed claims for contractual fees that were not substantively dependent upon section 1717's reciprocity provisions, such discussion was limited to observing that the enactment of section 1717 removed a previously existing *procedural* bar to recovery of attorney fees as costs following a plaintiff's pretrial dismissal. (*Dickens, supra*, 37 Cal.App.4th at p. 427; see *Olen, supra*, 21 Cal.3d at p. 223.) On that point, *Olen* appears to have been commenting on the fact that fairly recent case law had established that parties to contracts containing unilateral or bilateral attorney fee provisions could recover such fees *either* as special damages *or* as items of costs pursuant to section 1717. (See *Olen, supra*, 21 Cal.3d at p. 223, citing *T.E.D. Bearing Co.* v. *Walter E. Heller & Co., supra*, 38 Cal.App.3d 59 [unilateral provisions]; see also *Beneficial Standard Properties, Inc.* v. *Scharps, supra*, 67 Cal.App.3d at pp. 231-232 [bilateral provisions].)

---

[2]The Legislature's addition of subdivision (b)(2) to section 1717 in 1981 is viewed as a codification of our holding in *Olen, supra*, 21 Cal.3d 218. (See *Hsu* v. *Abbara, supra*, 9 Cal.4th at p. 873.)

Putting the discussion into proper perspective, it is evident that when *Olen* purported to conclude that concern for efficiency and equity "requires that the parties in pretrial dismissal cases be left to bear their own attorney fees, *whether [the]* claim is asserted on the basis of the contract or section 1717's reciprocal right" (21 Cal.3d at p. 225, italics added), it was simply determining "that neither a defendant seeking substantive entitlement to fees by virtue of section 1717's reciprocity provisions nor a defendant claiming contractual fees *who invoked section 1717's procedure* could recover these fees as costs following a pretrial dismissal by the plaintiff." (*Dickens, supra,* 37 Cal.App.4th at pp. 427-428; see also *Kelley* v. *Bredelis* (1996) 45 Cal.App.4th 1819, 1828-1829 [53 Cal.Rptr.2d 536].) In other words, *Olen*'s bar on the recovery of attorney fees was limited to defendants relying either substantively or procedurally on section 1717's provisions to enforce a claim for attorney fees. (*Dickens, supra,* 37 Cal.App.4th at p. 428.) Accordingly, to the extent the Legislature intended to codify *Olen* by adding subdivision (b)(2) to section 1717 in 1981 (see *Hsu* v. *Abbara, supra,* 9 Cal.4th at p. 873), "this is *all* the limitation in subdivision (b)(2) embraces." (*Dickens, supra,* 37 Cal.App.4th at p. 428, original italics; *Kelley* v. *Bredelis, supra,* 45 Cal.App.4th at p. 1829.)

These narrower readings of *Olen* and section 1717 are supported by the latter's legislative history. In particular, legislative documents confirm that section 1717 was amended in 1981 in part to codify *Beneficial Standard Properties, Inc.* v. *Scharps, supra,* 67 Cal.App.3d 227, which held that section 1717 provided an *option* for parties to bilateral fee agreements to recover attorney fees *as costs* instead of as special damages, and to effectively overrule other cases, such as *Mabee* v. *Nurseryland Garden Centers, Inc., supra,* 88 Cal.App.3d 420, which held that section 1717 did not authorize the recovery of attorney fees as costs when a bilateral fee agreement was at issue. (See Sen. Republican Caucus, analysis of Sen. Bill No. 1028 (1981-1982 Reg. Sess.) as amended Aug. 24, 1981, pp. 1-2; Sen. Com. on Judiciary, Rep. on Sen. Bill No. 1028 (1981-1982 Reg. Sess.) as introduced, p. 2; Sen. Democratic Caucus, analysis of Sen. Bill No. 1028 (1981-1982 Reg. Sess.) p. 1.)

Notably, nothing in section 1717's legislative history indicates that a purpose of the 1981 amendments was to make that section the exclusive basis for the recovery of contractual attorney fees. Likewise, none of the legislative analyses prepared in connection with the 1981 amendments suggests that the prohibition set forth at subdivision (b)(2) was intended to apply to fee claims that were neither substantively nor procedurally based upon section 1717's provisions. To the contrary, the language of the statute is quite explicit in stating there are no prevailing parties after a pretrial

dismissal *"for purposes of this section."* (§ 1717, subd. (b)(2), italics added; *Dickens, supra,* 37 Cal.App.4th at p. 428.)

Legislative action since 1981 has eliminated any doubt that parties bound by fully reciprocal attorney fee agreements are entitled to recover their attorney fees as costs after pretrial dismissals. As originally enacted in 1986, Code of Civil Procedure section 1033.5 allowed recovery of attorney fees as costs only when "authorized by statute." (Code Civ. Proc., § 1033.5, subd. (a)(10), as added by Stats. 1986, ch. 377, § 13, p. 1580.) In 1990, that statute was amended to provide that attorney fees are allowable as costs under Code of Civil Procedure section 1032 when authorized by *either* statute *or* contract. (Code Civ. Proc., § 1033.5, subd. (a)(10), as amended by Stats. 1990, ch. 804, § 1, p. 3551.) Code of Civil Procedure section 1032, in turn, specifies that a prevailing party—explicitly defined as including "a defendant in whose favor a dismissal is entered"—is entitled "as a matter of right" to recover its costs except as otherwise expressly provided by statute. (Code Civ. Proc., § 1032, subds. (a)(4), (b).) Consequently, parties who have agreed to mutually beneficial fee agreements may now proceed under Code of Civil Procedure sections 1033.5 and 1032 to recover their attorney fees as costs following voluntary dismissals.

Code of Civil Procedure section 1033.5 was amended in other ways which confirm that section 1717 does not govern all contractual fee claims. In addition to the revision mentioned above, the statute was amended to specify that attorney fees authorized by contract are costs that shall be fixed either upon noticed motion or upon entry of a default judgment, unless otherwise stipulated by the parties. (Code Civ. Proc., § 1033.5, subd. (c)(5), as amended by Stats. 1990, ch. 804, § 1, p. 3552.) At the same time, the statute was revised to provide that attorney fees awarded pursuant to section 1717 shall be fixed in the same manner applicable to contractually authorized fees. (Code Civ. Proc., § 1033.5, subd. (c)(5), as amended by Stats. 1990, ch. 804, § 1, p. 3552.) In passing these amendments, the Legislature declared its intent to clarify the "great uncertainty as to the procedure to be followed in awarding attorney's fees where entitlement thereto is provided by contract to the prevailing party." (Stats. 1990, ch. 804, § 2, p. 3552.) As recognized in *Dickens, supra,* 37 Cal.App.4th at page 429, there would have been no need for the Legislature to include separate provisions "clarifying" application of the same procedure for both contract-based attorney fee claims and section 1717 attorney fee claims if all contract-based fee claims were necessarily subject to the provisions of section 1717.

On a final note, the majority fret that preserving a separate contractual right to recover fees that is not governed by section 1717 "would, in

voluntary dismissal cases, defeat the underlying purpose of section 1717 to assure mutuality of remedy for attorney fee claims based on contractual attorney fee provisions." (Maj. opn., *ante*, at p. 616.) However, as the majority's analysis on the issue of tort litigation fees confirms, section 1717 was never intended to guarantee mutuality of remedy in every action involving a contractual fee provision. In any event, recognizing that section 1717 does not affect the contractual rights of parties who are bound by mutually beneficial attorney fee clauses clearly would be consistent with section 1717's central purpose to assure mutuality of remedy.

To summarize, after plaintiffs in this case voluntarily dismissed their complaint, defendants became entitled to recover all of their contractually authorized attorney fees as costs under the terms of their agreement and under Code of Civil Procedure sections 1021, 1032 and 1033.5. Section 1717—which now functions primarily to establish mutuality of remedy when ordinary application of contract principles would otherwise preclude parties prevailing in contract actions from recovering their attorney fees— simply has no bearing where, as here, the parties are already contractually bound by a fully reciprocal fee clause. In holding that section 1717 bars the recovery of attorney fees for parties who have willingly agreed amongst themselves to evenhanded availability of fees in cases of voluntary dismissal, the majority not only frustrate the right of parties to contract for such fees (Code Civ. Proc., § 1021) but also defeat the Legislature's clearly expressed intent that "a defendant in whose favor a dismissal is entered" (Code Civ. Proc., § 1032, subd. (a)(4)) is entitled "as a matter of right" (Code Civ. Proc., § 1032, subd. (b)) to recover its contractually authorized attorney fees as costs (Code Civ. Proc., § 1033.5, subd. (a)(10)(A)).

I would affirm the judgment of the Court of Appeal.

Werdegar, J., and Brown, J., concurred.