FILED

**NOT FOR PUBLICATION**

DEC 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNICOM SYSTEMS, INC., a California corporation,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>FARMERS GROUP, INC., a Nevada corporation,<br><br>        Defendant - Appellee. | No. 08-56777<br><br>D.C. No. 2:04-cv-04604-AJW<br><br><br>MEMORANDUM[*] |
| UNICOM SYSTEMS, INC., a California corporation,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>FARMERS GROUP, INC., a Nevada corporation,<br><br>        Defendant - Appellant. | No. 08-56827<br><br>D.C. No. 2:04-cv-04604-AJW |

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| UNICOM SYSTEMS, INC., a California corporation, | No. 09-56080 |
| :--- | :--- |
| Plaintiff - Appellee, | D.C. No. 2:04-cv-04604-AJW |
| v. | |
| FARMERS GROUP, INC., a Nevada corporation, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Wistrich, Magistrate Judge, Presiding

Argued and Submitted November 4, 2010
Pasadena, California

Before: SCHROEDER and TALLMAN, Circuit Judges, and JARVEY, District Judge.[**]

This case arises from a software license agreement between the parties incorporating California law.[1] We have jurisdiction under 28 U.S.C. § 1291. We affirm.

First, we need not consider Unicom's argument that the magistrate judge erred in submitting a jury instruction on Farmers' unclean hands defense. Even

---

[**] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

[1] The parties are familiar with the facts. We repeat them only as necessary to explain our disposition.

assuming Unicom is correct, any such error was harmless. The instruction unequivocally told the jury to award Unicom no damages in its entire action against Farmers if the jury found unclean hands. But the jury did award Unicom damages—$816,000 on Unicom's fraud claim. Thus, the jury apparently rejected Farmers' unclean hands defense. We will not presume the jury disregarded the instruction to somehow lessen the damages otherwise awarded to Unicom.

We also do not reach Unicom's argument that the magistrate judge erred in admitting evidence of the purchase price Unicom paid for the PIE/CICS software. Unicom waived its objection to the purchase-price evidence by being the first party to introduce it at trial, having previously failed on a motion in limine to exclude it. *See Ohler v. United States*, 529 U.S. 753, 755–58 (2000).

The magistrate judge did not err in submitting a jury instruction on Farmers' set-off claim. California law allows a party to assert a valid cross-demand for money to set off an opposing party's damages, even when that cross-demand would otherwise be time-barred. Cal. Civ. Proc. Code § 431.70. Farmers' legal theory underlying the set-off instruction was that Unicom breached the parties' software license agreement by failing to provide the contractually required sixty-days notice of price changes, thus overbilling Farmers $307,356 on three invoices. To counter, Unicom claims its invoices themselves gave Farmers proper notice of its new prices. At trial, the parties contested several aspects of this issue. Through

the set-off instruction, the magistrate judge properly allowed the jury to consider whether Unicom had fulfilled its contractual notice obligation in this way. *See Associated Lathing & Plastering Co. v. Louis C. Dunn, Inc.*, 286 P.2d 825, 830 (Cal. Ct. App. 1955) (holding that whether a party has materially breached a contractual provision is a question of fact).

We find no error in the magistrate judge's award to Farmers of $1,668,591 in attorney's fees under the license agreement. The agreement broadly authorized attorney's fees to the "prevailing party" if "litigation is required." Under California law, the magistrate judge properly analyzed whether Farmers prevailed on the breach of contract claim alone, notwithstanding Unicom's net monetary recovery. *See Hsu v. Abbara*, 891 P.2d 804, 811 (Cal. 1995); *Sears v. Baccaglio*, 60 Cal. App. 4th 1136, 1139, 1142, 1147–48 (Cal. Ct. App. 1998).

Lastly, we reject Farmers' claim on cross-appeal that the magistrate judge erred in awarding Unicom $1,581,532 in attorney's fees under both the Copyright Act and the license agreement. Unicom was the prevailing party on its copyright claims. *See Wall Data Inc. v. L.A. County Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006). This prevailing-party status permitted a discretionary fee award. *See* 17 U.S.C. §§ 505, 1203(b)(5). The magistrate judge did not abuse his discretion in applying several factors laid out by the Supreme Court to conclude that a fee award was appropriate under the Copyright Act. *See Fogerty v. Fantasy, Inc.*, 510 U.S.

517, 534 n.19 (1994).  As to the license agreement, the contractual fee language was broad enough to permit a fee award for Unicom's successful fraud claim, which was intrinsically related to the license agreement.  *See Santisas v. Goodin*, 951 P.2d 399, 405 (Cal. 1998).  The court did not abuse its discretion in refusing to apportion Unicom's fees among the several claims.  The claims involved a common core of facts and related legal theories.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983).

   **AFFIRMED.**