[No. C053568. Third Dist. June 6, 2007.]

TODD DRYBREAD et al., Plaintiffs and Respondents, v.
CHIPAIN CHIROPRACTIC CORPORATION, Defendant and Appellant.

## COUNSEL

Ishikawa Law Office, Brendon Ishikawa; Law Offices of D. Robert Morris and D. Robert Morris for Defendant and Appellant.

Law Office of Felix G. Poggemann and Felix G. Poggemann for Plaintiffs and Respondents.

## OPINION

**SIMS, J.**—Plaintiffs brought an unlawful detainer action (Code Civ. Proc., § 1161 et seq.)[1] against defendant. Plaintiffs alleged defendant was unlawfully in possession of premises after a written sublease had expired.

Prior to trial, plaintiffs dismissed the unlawful detainer action without prejudice. Defendant moved the court for an award of attorney's fees pursuant to a provision in the sublease providing the prevailing party shall be entitled to attorney's fees in "any action or other proceeding arising out of this Sublease . . . ."

Plaintiffs resisted an award of attorney's fees, relying on Civil Code section 1717, which provides as pertinent that "[i]n *any action on a contract* . . . [¶] . . . [¶] . . . [w]here an action has been voluntarily dismissed . . . , there shall be no prevailing party for purposes of this section." (Italics added.)

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

The trial court agreed with plaintiffs, concluding plaintiffs' action sounded more in contract than in tort, so fees were barred by Civil Code section 1717.

We respectfully disagree with the trial court. Plaintiffs' action for wrongful possession following termination of the lease sounded in tort. Civil Code section 1717, subdivision (b)(2), does not apply. Defendant was the prevailing party pursuant to section 1032, subdivision (a)(4),[2] and was entitled to attorney's fees pursuant to the clause in the sublease. We shall therefore reverse the trial court order denying attorney's fees.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 2, 2005, plaintiffs filed an unlawful detainer action against defendant, seeking to evict defendant from commercial premises following expiration of a one-year written sublease which commenced on January 5, 2004. The complaint said, "Plaintiff demands possession from each defendant because of expiration of a fixed-term lease." The complaint sought fair rental value of $82.88 per day and statutory damages under section 1174, subdivision (b), on the ground that defendant's continued possession was malicious. An attachment to the complaint asserted defendant threatened to wreak financial hardship on plaintiffs after plaintiffs refused to sign a retroactive extension of the sublease and defendant terminated the employment of plaintiff Todd Drybread as a chiropractor in defendant's chiropractic practice.

The complaint also sought attorney's fees pursuant to a written agreement. The attorney's fees clause in the sublease stated: "If any action or other proceeding arising out of this Sublease is commenced by either party to this sublease concerning the subleased premises, then as between Sublessor and Sublessee, the prevailing party shall be entitled to receive from the other party, in addition to any other relief that may be granted, the reasonable attorneys' fees, costs, and expenses incurred in the action or other proceeding by the prevailing party."

On August 15, 2005, defendant filed an answer, which also asked for attorney's fees. The answer alleged as follows: The sublease was still in effect because, prior to December 2004, defendant exercised its option under the sublease to extend the original one-year term for another year, which had not yet expired.[3] Therefore, defendant was not a tenant at will, as alleged by plaintiffs, and the tenancy could not be terminated by a 30-day notice to quit.

---

[2] That provision states a "prevailing party" includes "a defendant in whose favor a dismissal is entered." (§ 1032, subd. (a)(4).)

[3] The sublease said, "This Sublease shall commence on 1/5/04 and shall run for a term of one year. Upon the expiration of such one year term, and each subsequent term, the Sublessee

Defendant also alleged plaintiffs waived the 30-day notice to quit when they demanded and accepted payment of rent for August 2005.

Defendant also alleged: "Defendant is informed and believes that plaintiffs leased the subject premises to provide an office for plaintiff TODD DRYBREAD to use as an office for his personal chiropractic practice. Defendant is informed and believes and thereon alleges that plaintiffs had no prior experience in providing chiropractic services or in running the business of a chiropractic office. Defendant is informed and believes that as a result of their inexperience, plaintiffs were failing with respect to their chiropractic office. Defendant is informed and believes and thereon alleges that in or about September 2003, plaintiff TODD DRYBREAD notified defendant that, because of his failing business, he was interested in abandoning his self-employment, and wished to find an employed associate position with defendant. Thereafter, in or about December 2003, defendant entered into an agreement whereby defendant sublet the premises being leased by plaintiffs from the master landlord. By the terms of a separate and independent agreement, also entered into in or about December 2003, defendant engaged plaintiff TODD DRYBREAD as an employee in the capacity of a doctor of chiropractic; however, plaintiff TODD DRYBREAD's place of work was at an office, or offices, that did not include the premises that are the subject of this unlawful detainer proceeding. On or about June 15 and 16, 2005, disagreements arose between defendant and plaintiff TODD DRYBREAD. As a result of these disagreements that arose in the employer-employee relationship between defendant and plaintiff TODD DRYBREAD, attorneys were engaged on behalf of both defendant and plaintiff TODD DRYBREAD. On or about June 16, 2005, as a result of the negotiations of their respective legal counsel, in the course of the lawful and peaceful exercise of rights under the law by defendant, it was agreed that plaintiff TODD DRYBREAD's employment with defendant was terminated effective June 16, 2005. Defendant is informed and believes and thereon alleges that a mere five calendar days later, on June 21, 2005, plaintiffs prepared the document entitled '30-Day Notice to Quit' (hereafter 'Notice') that forms the basis for this unlawful detainer proceeding. The plaintiffs did not state in the Notice any ground upon which they, in good faith, were seeking to recover possession of the subject premises. While there had been an unpleasant dissolution of the employer-employee relationship . . . , that relationship did not have any direct connection to the continuation of the landlord-tenant relationship that independently existed between both of the plaintiffs and the defendant. Further, defendant is informed and believes and thereon alleges that there had been no occurrence that could have rationally justified the plaintiffs' good faith creation and service of the Notice. Defendant is informed and believes that

may elect to extend the term for an additional one year, by giving notice of such intent not less than 30 days before the end of the then existing term."

the only true motive for the service of the Notice was the intent by plaintiffs to retaliate against defendant because of the termination of plaintiff TODD DRYBREAD's employment with defendant just days earlier."

On September 16, 2005, a voluntary dismissal of the case (without prejudice) was entered at plaintiffs' request.

On October 17, 2005, defendant filed a motion for attorney's fees in the amount of $13,517, pursuant to sections 1021,[4] 1032,[5] and 1033.5, subdivision (a)(10),[6] on the ground that defendant was the prevailing party in the unlawful detainer proceeding, as defined pursuant to section 1032, subdivision (a)(4) (fn. 5, *ante*), and that pursuant to section 1021 et seq., there was a written agreement between the parties for the successful party in any litigation to recover reasonable attorney's fees as part of its costs of suit.

Defendant's president, Christ Chipain (Chipain), submitted a declaration attesting that on December 23, 2003, defendant entered the sublease with plaintiffs, becoming subtenant of commercial premises of which plaintiffs were the tenants under a master lease with the master landlord. The master landlord gave consent to the sublease. Defendant entered the sublease in order to open a second location to expand operation of its business. Defendant took possession on January 5, 2004, and invested resources in developing that location. In response to plaintiffs' efforts to dispossess defendant, defendant incurred attorney's fees. Defendant also submitted declarations from its attorneys setting forth the amount of attorney's fees.

Plaintiffs opposed the motion for attorney's fees. Plaintiff Todd Drybread submitted a declaration attesting the sublease was for one year with an option to renew no later than 30 days before the end of the first year. At the end of November 2004, Drybread asked defendant whether it would be exercising the option but received no response. During January 2005, after the sublease expired, Drybread continued his employment with defendant, and defendant held over as a subtenant in the office. On June 14, 2005, defendant's president, Chipain, gave Drybread a document entitled, "Sublease Extension." Drybread was wary because it was backdated to January 1, 2005, and said the

---

[4] Section 1021 states: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided."

[5] Section 1032 states a prevailing party is entitled as a matter of right to recover costs, and "prevailing party" includes "a defendant in whose favor a dismissal is entered . . . ." (§ 1032, subd. (a)(4).)

[6] Section 1033.5, subdivision (a)(10), says items allowable as costs include "[a]ttorney fees, when authorized by any of the following: [¶] (A) Contract. [¶] (B) Statute. [¶] (C) Law."

parties agreed to "extend" the sublease by one year. It did not indicate timely exercise of the option. Drybread refused to sign the document because of its false statements. Immediately thereafter, "Dr. Chipain and I [Todd Drybread] severed my employment. Upon disclosing to Dr. Chipain that I would be leaving his employ, he stated to me that he would sue me for every dime I owned." Drybread further attested: "Initially, because of my need to open a location within which to engage in chiropractic, I initiated this proceeding to evict [defendant] from my offices. However, after initiating this proceeding on August 2, 2005, I found an alternative location for my practice, and asked my attorney to dismiss this action." Drybread further attested that he was responsible for defendant's accounting and knew defendant lost money almost every month on its business operations in the subleased premises. Drybread further expressed his opinion that the amount of attorney's fees sought by defendant was unreasonable.

After hearing oral argument, the trial court affirmed its tentative ruling denying attorney's fees. The written tentative ruling stated in part: "Defendant argues that a proceeding in unlawful detainer is a special proceeding and is a noncontract cause of action and as such, defendant is not barred from recovering reasonable attorney's fees as the result of a plaintiff's voluntary pretrial dismissal. As a statutory remedy to regain possession of real property, an unlawful detainer proceeding has characteristics of a contract action, e.g., it usually involves a lease, and often seeks its termination and recovery of rent. [Citations.] [¶] Given the legal issues presented by the parties, the unlawful detainer action in this case sounds more in contract than not. That being the case, Civil Code section 1717(b)(2) bars defendant from recovering attorney's fees."

Defendant appealed to the appellate division of the superior court. After oral argument, the appellate division affirmed the trial court's order without explanation.

We granted defendant's petition to transfer the case to this court under former rule 64 of the California Rules of Court[7] (see now rule 8.1008 et seq.).

## DISCUSSION

### I. *Standard of Review*

"The determination of the legal basis for an award of attorney fees is a question of law which we review de novo. [Citation.]" (*Honey Baked Hams,*

---

[7] Undesignated rule references are to the California Rules of Court.

*Inc. v. Dickens* (1995) 37 Cal.App.4th 421, 424 [43 Cal.Rptr.2d 595] (*Honey Baked Hams*), disapproved on other grounds in *Santisas v. Goodin* (1998) 17 Cal.4th 599, 614, fn. 8 [71 Cal.Rptr.2d 830, 951 P.2d 399] (*Santisas*).)

Plaintiffs argue an abuse of discretion standard applies because this type of case calls for the trial court to make a case-by-case determination of the nature of the lawsuit in order to determine whether it lies in contract or tort. Even assuming an abuse of discretion standard, we shall conclude defendant is entitled to attorney's fees.

### II. *Application of Civil Code Section 1717 to Unlawful Detainer*

Defendant argues Civil Code section 1717 applies only to contract actions, and the trial court improperly applied that statute to this unlawful detainer action. Defendant argues all unlawful detainer actions sound in tort and, even if they do not necessarily sound in tort, this unlawful detainer action sounded in tort. We shall conclude *this* unlawful detainer action sounded in tort, and the trial court's denial of defendant's motion for attorney's fees was improper.

Civil Code section 1717 states in part:

"(a) *In any action on a contract,* where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. [¶] . . . [¶]

"Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit. [¶] . . . [¶]

"(b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

"(2) *Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section.*" (Italics added.)

 The limitation of Civil Code section 1717, subdivision (b)(2)—precluding attorney's fees when a complaint is voluntarily dismissed—applies

only to contract claims. (*Santisas, supra*, 17 Cal.4th at p. 622.) It does not apply to noncontract claims and thus does not preclude attorney's fees on noncontract claims where the contractual attorney's fees clause is broad enough to encompass noncontract claims. (*Ibid.*) In *Santisas*, buyers of a residence brought a contract and tort action against the sellers. After the plaintiffs dismissed the complaint with prejudice before trial, the trial court awarded attorney's fees to the defendants pursuant to a clause in the purchase agreement that " '[i]n the event legal action is instituted by the Broker(s), or any party to this agreement, or arising out of the execution of this agreement or the sale, or to collect commissions, the prevailing party shall be entitled to receive from the other party a reasonable attorney fee to be determined by the court in which such action is brought.' " (*Id.* at p. 603.)

*Santisas, supra*, 17 Cal.4th 599, held Civil Code section 1717 barred recovery of attorney's fees for the contract claims but not the tort claims. The Supreme Court said, "contractual attorney fee provisions are generally enforceable in voluntary pretrial dismissal cases except as barred by [Civil Code] section 1717." (17 Cal.4th at p. 622.) "Under [Civil Code] section 1717, the seller defendants are not 'part[ies] prevailing on the contract' because that section specifies that there is no party prevailing on the contract when, as here, the plaintiffs have voluntarily dismissed the action, and therefore defendants may not recover the attorney fees they incurred in the defense of the contract claim. But this conclusion does not affect the seller defendants' right to recover as costs the attorney fees they incurred in defense of the tort claims. Because [Civil Code] section 1717 does not apply to those claims [citations], it does not bar recovery of attorney fees that were incurred in litigation of those claims and that are otherwise recoverable as a matter of contract law." (*Id.* at p. 619.)

In holding that Civil Code section 1717 barred attorney's fees for the contract claims, *Santisas* disapproved of this court's opinion in *Honey Baked Hams, supra*, 37 Cal.App.4th at page 426, insofar as it said Civil Code section 1717 was restricted to unilateral attorney's fees clauses (which needed Civ. Code, § 1717 to make the clauses reciprocal). (*Santisas, supra*, 17 Cal.4th at p. 614, fn. 8.)

Thus, Civil Code section 1717 does not bar recovery of attorney's fees for noncontract claims voluntarily dismissed by the plaintiff, as long as the attorney's fees clause is broad enough to encompass such noncontract claims.

Here, the clause is broad enough. It says: "If any action or other proceeding *arising out of this Sublease* is commenced by either party to this sublease concerning the subleased premises, then as between Sublessor and Sublessee, the prevailing party shall be entitled to receive from the other party, in

addition to any other relief that may be granted, the reasonable attorneys' fees, costs, and expenses incurred in the action or other proceeding by the prevailing party." This clause is broad enough to encompass noncontract claims such as this unlawful detainer action. (See *Santisas, supra*, 17 Cal.4th at p. 603 [clause calling for attorney's fees "[i]n the event legal action is instituted by the Broker(s), or any party to this agreement, or arising out of the execution of this agreement or the sale, or to collect commissions" applied to buyer's tort claim against seller]; *Gonzales v. Personal Storage, Inc.* (1997) 56 Cal.App.4th 464, 480 [65 Cal.Rptr.2d 473] [clause calling for attorney's fees in " 'any legal action' " applied to tort action (italics omitted)].)

 In general, "prevailing party" includes "a defendant in whose favor a dismissal is entered . . . ." (§ 1032, subd. (a)(4); see also § 1033.5, subd. (a)(10) [costs include attorney's fees authorized by contract].)

Thus, defendant is entitled to recover attorney's fees unless such fees are barred by Civil Code section 1717.

The question is whether this unlawful detainer action was "an action on a contract" (to which Civ. Code, § 1717 applies and bars attorney's fees) or a noncontract claim.

 "The summary proceedings for . . . unlawful detainer are based on the English statutes that abrogated the common law right of a person wrongfully dispossessed to regain possession of real property by force. The statutory situations in which the remedy of unlawful detainer is available are exclusive, and the statutory procedure must be strictly followed. [Citations.]

"The proceeding has characteristics of a contract action, e.g., it usually involves a lease, and often seeks its termination and recovery of rent. But this type of relief is deemed incidental to the main purpose of the suit—recovery of possession. [Citation.] *Title* is not in issue in the conventional unlawful detainer suit. [Citation.]" (5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 597, pp. 67–68.)

" 'The remedy of unlawful detainer is designed to provide means by which the timely possession of premises which are wrongfully withheld may be secured to the person entitled thereto. The summary character of the action would be defeated *if*, by cross-complaint or counterclaim, *issues irrelevant to the right of immediate possession could be introduced.*' " (*Green v. Superior Court* (1974) 10 Cal.3d 616, 632 [111 Cal.Rptr. 704, 517 P.2d 1168] [tenant may raise landlord's breach of implied warranty of habitability as defense in unlawful detainer proceeding].)

Unlawful detainer actions may be based on (1) a breach of the lease during the term of the lease (arguably suggesting contract claims), or (2) a tenant holding over after the lease expires (arguably suggesting tort claims for unlawful possession).

Thus, section 1161 states: "A tenant of real property, for a term less than life . . . is guilty of unlawful detainer:

"1. When he or she continues in possession . . . after the expiration of the term for which it is let to him or her; provided the expiration is of a nondefault nature however brought about without the permission of his or her landlord . . . ; but nothing in this subdivision shall be construed as preventing the removal of the occupant in any other lawful manner; but in case of a tenancy at will, it must first be terminated by [30-day] notice, as prescribed in the Civil Code.[8]

"2. When he or she continues in possession . . . without the permission of his or her landlord . . . after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and [a three-day notice to quit has been served]. . . . [¶] . . . [¶]

"3. When he or she continues in possession . . . after a neglect or failure to perform other conditions or covenants of the lease or agreement under which the property is held, . . . and [a three-day notice to quit has been served] . . . . [¶] . . . [¶]

"4. Any tenant[ or subtenant] . . . assigning or subletting or committing waste upon the demised premises, contrary to the conditions or covenants of his or her lease, or maintaining, committing, or permitting the maintenance or commission of a nuisance upon the demised premises or using the premises for an unlawful purpose, thereby terminates the lease, and the landlord . . . shall upon service of three days' notice to quit . . . be entitled to restitution of possession of the demised premises . . . .

"5. When he or she gives written notice as provided in Section 1946 of the Civil Code of his or her intention to terminate the hiring of the real property, or makes a written offer to surrender which is accepted in writing by the landlord, but fails to deliver possession at the time specified in that written notice, without the permission of his or her landlord . . . ."

---

[8] Civil Code section 1945 states: "If a lessee of real property remains in possession thereof after the expiration of the hiring, and the lessor accepts rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time, not exceeding one month when the rent is payable monthly, nor in any case one year."

Civil Code section 1946 calls for a 30-day notice to quit in order to terminate month-to-month tenancies.

Thus, the unlawful detainer statute encompasses breach of lease (arguably contract-type matters) and holdover possession after expiration of the lease (arguably a noncontract issue). This duality is repeated in section 1174, which states a prevailing landlord in an unlawful detainer action alleging breach of lease is entitled to possession and a judgment declaring the lease forfeited, as long as the notice to quit stated the landlord's election to declare the lease forfeited. Section 1174 also states, "if that notice does not so state that election, the lease or agreement shall not be forfeited."

Here, plaintiffs' claim was that defendant was holding over after expiration of the lease—a noncontract claim.

The trial court nevertheless determined this case sounded more in contract than in tort.

Defendant argues the trial court erred.

We agree.

As we shall explain, we conclude that even if some unlawful detainer actions sound in contract, the plaintiffs in this case pleaded a tort-based claim.

The nature of unlawful detainer actions was a key issue in the insurance coverage case of *Fragomeno v. Insurance Co. of the West* (1989) 207 Cal.App.3d 822 [255 Cal.Rptr. 111] (*Fragomeno*) (disapproved on other grounds in *Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 838–841, fns. 12–13 [88 Cal.Rptr.2d 366, 982 P.2d 229]). There, lessee owners of a dry cleaning business brought an action against their insurer for declaratory relief, breach of contract, and breach of the covenant of good faith and fair dealing. The Court of Appeal, Second Appellate District, affirmed summary judgment in favor of the insurer on the ground that the personal injury endorsement in the insureds' comprehensive policy did not provide coverage for the unlawful detainer action brought against them by their lessor. The endorsement obligated the insurer to pay any sums the insurers became obligated to pay as damages because of injury arising out of a wrongful entry or eviction or other invasion of the right of private occupancy. (*Fragomeno*, at p. 826.) The policy clearly covered only tort liability, and the issue was whether unlawful detainer sounded in contract or tort. (*Id.* at p. 828.) *Fragomeno* defined the issue as "whether a lessee's alleged unlawful possession of the leased premises constitutes an 'invasion of the right of private occupancy' within the meaning of the lessee's insurance policy as a matter of law so as to require [the insurer] to defend and indemnify the lessee for any judgment which might be rendered against the lessee as a result of the unlawful detainer

action." (*Id.* at p. 825.) The Court of Appeal held that the insurance policy gave the insureds no right to defense and indemnification in the unlawful detainer action, since that action sounded in contract, not tort, in that it had its origin in the lessor's right to possession as a result of the insureds' alleged breach of the lease. (*Id.* at p. 831.)

■ *Fragomeno* said, "[I]n order to determine whether this summary and statutory procedure [unlawful detainer] sounds in contract or in tort the *gravamen* of the facts giving rise to the right to recovery must be examined. If the right to recover realty emanates from the breach of a lease provision occurring during an unexpired term of a lease, then the right to recover has its inception in a contractual arrangement between the parties. If the right to recovery is based upon a civil wrong such as possession of property by a trespasser *ab initio, or by a holdover tenant as a resulting trespasser*, or by an encroacher *then the right to recover possession of the property by way of the summary and statutory procedure of unlawful detainer has its inception in tortious conduct.* [¶] It is therefore necessary to analyze and determine whether or not the right to possession by the landlord . . . had its inception in a lease or contractual right or whether the right to possession by the landlord had its inception in some sort of tortious conduct by the lessee." (*Fragomeno*, 207 Cal.App.3d at pp. 830–831, some italics added.)

*Fragomeno, supra*, 207 Cal.App.3d 822, concluded the inception of the landlord's right to recover the premises was in a contractual or leasehold agreement between the parties. (*Id.* at p. 831.) It was undisputed that the lessees breached the written lease with the landlord. It was irrefutable, said the court, that the landlord's right to recover the real property emanated from the breach of the lease occurring within the unexpired term of the lease by reason of the lessee's "unagreed to" use of the premises. (*Ibid.*) Therefore, the summary procedure of unlawful detainer being utilized to prevent interference with the landlord's right to private occupancy by virtue of the intraterm leasehold breach was contractual. As a matter of law, the lessees' insurance policy with the insurer gave the insureds no right to defense and indemnification as a result of the unlawful detainer action which had its origins in the landlord's right to possession as a result of the lessees' intraterm breach of the lease contract. (*Ibid.*)

A dissenting justice in *Fragomeno, supra*, 207 Cal.App.3d 822, discussed case law at length and opined damages recoverable in an unlawful detainer action sound in tort. (*Id.* at pp. 831–836 (dis. opn. of Johnson, J.).)

Contending that unlawful detainer *always* sounds in tort, defendant is unhappy with *Fragomeno*. Defendant argues *Fragomeno* was an insurance coverage case and therefore is not controlling here, because cases are authority only for points actually involved and decided. However, the nature of unlawful detainer actions was critical to resolution of the insurance

coverage question. Therefore defendant is simply wrong in relying on the principle that cases are not authority for points unnecessary to the decision.

Defendant claims *Fragomeno* was overruled in *Vandenberg v. Superior Court, supra*, 21 Cal.4th 815. However, *Vandenberg* merely disapproved of the insurance coverage aspect of *Fragomeno*, i.e., that liability arising ex contractu, as opposed to ex delicto, is not covered under policies limiting coverage to amounts the insured is "legally obligated to pay as damages." (*Vandenberg, supra*, 21 Cal.4th at pp. 838–841 & fns. 12–13.) *Vandenberg* concluded the insurer could not avoid coverage (in an action for breach of lease due to property damage from pollution) solely on the ground that damages were assessed on a contractual theory. (*Ibid.*) *Vandenberg* did not disapprove of *Fragomeno*'s holding regarding the nature of unlawful detainer.

Defendant argues that, even if some unlawful detainer actions sound in contract, the plaintiffs in this case expressly pleaded a tort-based claim. At this point, we agree with defendant.

Thus, plaintiffs' unlawful detainer action was based on a claim of unlawful holdover possession after expiration of the lease. It was not based on a breach of the lease itself. Plaintiffs gave a 30-day notice to quit which did not allege any contractual breach and which referred to a "tenancy at will" rather than a tenancy under a lease. Although the complaint form checked a box stating the notice to quit "included an election of forfeiture" (of a lease), which suggests a breach of contract claim (see discussion of § 1174, *ante*), the notice to quit contained no such election. The complaint stated plaintiffs "demand[] possession from each defendant because of expiration of a fixed-term lease." The complaint also alleged defendant's continued possession was "malicious" (which would entitle plaintiffs to statutory damages under § 1174, subd. (b)). Malice pertains to tort claims, not contract claims. Although the complaint also sought attorney's fees pursuant to contract, that does not necessarily make the unlawful detainer action an action based on contract, because we have seen contractual attorney clauses may encompass tort claims if the clause is broad enough.

Thus, we see no basis upon which the trial court could have concluded that this unlawful detainer action sounded more in contract than in tort.

In their respondents' brief on appeal, plaintiffs argue the trial court correctly determined this action sounded in contract because the entire relationship between the parties arose out of the sublease, and by defendant's holding over after expiration of the sublease, the sublease was renewed on the same terms as the original. (Civ. Code, § 1945; *Rosetto v. Barross* (2001) 90 Cal.App.4th Supp. 1, 6 [110 Cal.Rptr.2d 255] [termination of term contained in contract transformed three-year tenancy into month-to-month relationship].) Plaintiffs argue that, as of the date the unlawful detainer action began,

a contract governing the parties existed, and there would be no landlord/tenant relationship without this contract.

However, plaintiffs' argument misses the mark. Even assuming the existence of a contract, that does not mean this unlawful detainer action was contract based. Notably, neither the notice to quit nor the unlawful detainer complaint alleged any breach of the sublease. We note Civil Code section 1945 (fn. 8, *ante*) did not operate to renew the sublease for a one-year period, because that statute merely operated to renew on a monthly basis, since the rent was due monthly.[9] Although defendant's position was that it renewed the sublease for another year, plaintiffs did not seek possession for breach of the sublease. The action did not sound in contract simply because the parties were previously bound by a contract. Plaintiffs' action was for tortious holding over after expiration of the lease.

Plaintiffs argue alternatively that no enforceable contract exists upon which to justify an award of attorney's fees because defendant allowed the sublease to expire without renewing it. Plaintiffs cite no authority, other than the general principle stated in *Santisas, supra,* 17 Cal.4th at page 606, that recoverable litigation costs include attorney's fees only when the party entitled to costs has a legal basis, independent of the cost statutes and grounded in an agreement, statute or other law, upon which to claim attorney's fees. This general principle does not aid plaintiffs. Even assuming defendant did not properly renew the lease for another year, the terms of the lease were still in effect when plaintiffs filed the unlawful detainer action. Thus, by operation of Civil Code section 1945 (fn. 8, *ante*), defendant's continued possession after expiration of the one-year term and plaintiffs' acceptance of rent after expiration of the one-year term (which plaintiffs do not dispute) operated as a month-to-month renewal "on the same terms." The attorney's fees clause in the sublease was in effect when the unlawful detainer action was filed.

■ We conclude *this* unlawful detainer action did not sound in contract, and therefore Civil Code section 1717 (which bars attorney's fees where contract claims are voluntarily dismissed) does not apply. Rather, defendant was the prevailing party pursuant to Code of Civil Procedure section 1032, subdivision (a)(4), and was entitled to attorney's fees pursuant to the provisions of the sublease.

The trial court abused its discretion in denying defendant's motion for attorney's fees.

---

[9] The sublease does not state when rent was due but merely referred to the master lease, which is not in the record on appeal. Nevertheless, it appears the rent was due monthly, as reflected in the answer to the complaint and the trial court's unchallenged reference to monthly rent.

### DISPOSITION

The order denying attorney's fees is reversed and the case is remanded to the trial court for further proceedings.

Defendant shall recover its costs on appeal. (Cal. Rules of Court, rule 8.276(a)(1)–(2).)

Scotland, P. J., and Cantil-Sakauye, J., concurred.

On June 12, 2007, the opinion was modified to read as printed above.