Filed 1/28/15  Martinez v. Super. Ct. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JUAN A. MARTINEZ et al., | |
| Petitioners, | E062435 |
| v. | (Super.Ct.No. UDFS1407460) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| NADAVON REAL ESTATE INVESTMENTS, LLC, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Lily L. Sinfield,

Judge.  Petition is granted.

Simoneaux Law Firm and Maggie R. Simoneaux-Cuaso, for Petitioners.

No appearance for Respondent.

1

Ritchie, Klinkert & McCallion, Thomas B. Ritchie, James E. Klinkert, and Paul J. Gutierrez, for Real Party in Interest.

In this matter we have reviewed the petition and the opposition filed by real party in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that the equities favor petitioners. We conclude that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

DISCUSSION

Although an unlawful detainer action is limited to a determination of the right to possession (*Drybread v. Chipain Chiropractic Corp.* (2007) 151 Cal.App.4th 1063), where title issues are raised in a related case (or cases), the unlawful detainer court may exercise its discretion to stay that action pending resolution of the civil action or actions. (*Martin-Bragg v. Moore* (2013) 219 Cal.App.4th 367 (*Martin-Bragg*).) Relief is appropriately sought from the unlawful detainer court, as one department of a superior court cannot interfere with the jurisdiction of another. (*Martin-Bragg* at p. 379, fn. 11, citing *Ford v. Superior Court* (1986) 188 Cal.App.3d 737, 742.)

We note that plaintiff/respondent Nadavon Real Estate Investments, LLC, affirmatively sought a stay of at least one action against it pending the resolution of John Carr's appeal. We also note that defendants/petitioners appear to be caught in the middle of the dispute and will clearly suffer irreparable injury if they are wrongfully evicted. We also see no reason why petitioners, as the ones facing injury, may not rely on Carr's claim

2

of title in seeking a stay, as Carr is not a party to the unlawful detainer and cannot do so on their behalf.

Accordingly, we have determined that the trial court erred in refusing petitioners' request for stay, and that the petition should be granted.

DISPOSITION

Let a peremptory writ of mandate issue, directing the Superior Court of San Bernardino County to vacate its order denying petitioners' request to stay the unlawful detainer action, and to enter a new order staying said action pending the issuance of the remittitur in that action pending before this court entitled *J.A. Carr v. Thomas Rees, et al.* (E060760, app. pending) unless termination of the stay is earlier agreed to by the parties. The court shall condition said stay on the payment by petitioners of reasonable rent into an escrow, trust, court, or other account as determined by the trial court, these payments to be disbursed to the party or parties eventually determined to hold title to the subject premises.

Petitioners are directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties. Petitioners to recover their costs.

3

The stay previously ordered by this court is lifted upon imposition of the stay ordered in the superior court.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

KING
J.

MILLER
J.