Filed 6/25/15  Smith v. Calbert Ca1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CAMERON R. SMITH,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>BRIAN CALBERT et al.,<br><br>    Defendants and Respondents. | A140558<br><br>(Solano County<br>Super. Ct. No. FCS037142) |

The principal issue in this case is whether an attorney fees provision in a residential rental agreement is worded broadly enough to authorize fees incurred in connection with both contract and tort claims.[1]

Plaintiff and appellant Cameron R. Smith rented a residential property first to Brian and Rachel Calbert and, then, after the couple were divorced, to Brian, and finally to Brian and his new wife, Mikele Calbert.  In total, Calberts occupied the property for nine years.  After they vacated the property, Smith filed the instant lawsuit for damage to the property, alleging three causes of action—breach of contract, negligence and waste. Ten months later, after the Calberts had retained counsel and filed an answer to the complaint, Smith dismissed the lawsuit without prejudice.

The Calberts filed a motion for attorney fees, claiming the fee provision in the rental agreement was broad enough to encompass tort, as well as contract, claims.  This meant, according to the Calberts, the prohibition against a contractual fee award under

---

[1]  We conclude this appeal is proper for disposition by memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

1

Civil code section 1717, subdivision (b)(2),[2] where a lawsuit is voluntarily dismissed, did not apply. The trial court agreed and awarded the Calberts $26,761 in attorney fees.[3]

Smith contends the trial court erred in ruling the fee provision permits an award of attorney fees for both contract and tort claims and also erred in ruling the Calberts' fee motion was timely. We need not and do not reach the second issue, since we agree the fee provision reaches only contract claims and therefore section 1717, subdivision (b)(2), forecloses any fee award, given Smith's voluntary dismissal of the case.

### DISCUSSION

The attorney fee provision in the rental agreement provides in pertinent part: "In any action or legal proceeding to enforce any part of this Agreement, the prevailing party . . . shall recover reasonable attorneys fees and court costs."

Section 1717 regulates contractual shifting of attorneys fees. Subdivision (b)(2) states: "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." The courts have construed this provision to mean that where there has been a voluntary dismissal, there can be no award of contractual fees in connection with a contract claim. However, the prohibition extends only to contract claims, and not to tort claims. Thus, if an attorney fees provision is broadly worded, and allows for an award of fees for both contract and tort claims, then there can be a "prevailing party" on the tort claims, despite a voluntary dismissal. (*Drybread v. Chipain Chiropractic Corp.* (2007) 151 Cal.App.4th 1063, 1071 (*Drybread*).)

Frequently, the standard of review on appeal from an attorney fee award is abuse of discretion. That is not the case, however, where, as here, the issue on appeal is one of contractual interpretation. In such case, the court reviews the contractual language de novo. (*Casella v. Southwest Dealer Services, Inc.* (2007) 157 Cal.App.4th 1127, 1161 (*Casella*).)

---

[2] All further statutory references are to the Civil Code unless otherwise indicated.

[3] The court also awarded the Calberts $1,449.39 in court costs, but Smith makes no argument this award was erroneous.

2

Several cases have considered language nearly identical to that of the fee provision here and concluded it is limited to contract claims. (E.g., *Casella, supra,* 157 Cal.App.4th at p. 1160 [" '[i]f any legal action arises under this Agreement or by reason of any asserted breach of it, the prevailing party shall be entitled to recover all costs and expenses, including reasonable attorney's fees, incurred in enforcing or attempting to enforce any of the terms, covenants or conditions' "]; *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 702 [prevailing-party attorney fees " '[i]f any Party or Broker brings an action or proceeding to enforce the terms [of the lease] or declare rights hereunder' "]; *Loube v. Loube* (1998) 64 Cal.App.4th 421, 429 [" 'if legal action or arbitration is necessary to enforce the terms of this Agreement, the prevailing party shall recover reasonable attorneys' fees' "].) The fee provision at issue here— providing for fees "in any action or legal proceeding to enforce any part of this Agreement—is not materially different from the fee provisions in these cases.

Courts concluding contractual fee provisions were broad enough to include tort claims have dealt with significantly different language. (E.g., *Santisas v. Goodin* (1998) 17 Cal.4th 599, 607 (*Santisas*) [prevailing party entitled to recover fees incurred in any action "arising out of the execution of the agreement"]; *Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 183 ["exceptionally broad" fee provision authorized fees to prevailing party in " 'any legal action or proceeding brought by either party to this agreement' "]; *Cruz v. Ayromloo* (2007) 155 Cal.App.4th 1270, 1277 ["broad language" of fee provision stated, " '[i]f civil action is instituted *in connection with* this Agreement, the prevailing party shall be entitled to recover court costs and any reasonable attorney's fees' "]; *Drybread, supra,* 151 Cal.App.4th at p. 1071 [" '[i]f any action or other proceeding arising out of this sublease is commenced by either party to this Sublease' " the prevailing party shall be entitled to reasonable attorney fees].)

Indeed, other than citing *Santisas* for the general proposition that the language of a contractual fee provision can be broad enough to include tort claims, the Calberts cite no case in support of their assertion the fee provision at issue here is "broad" and encompasses tort, as well as, contract claims. Nor are we aware of any such case.

3

Rather, as shown by the cases set forth above, the courts that have concluded that contractual fee provisions applied to both contract and tort claims have dealt with language much broader in scope than the "to enforce any part of this Agreement" language at issue here.

We therefore conclude the trial court erred in ruling section 1717, subdivision (b)(2), did not bar an award of fees following Smith's voluntary dismissal of the case. Since the fee provision at issue here is narrow and authorizes fees only for contract claims, subdivision (b)(2) is fully applicable and there is, therefore, no "prevailing party" in this voluntarily dismissed case.[4]

We further conclude, given his voluntary dismissal, that Smith is not entitled to recover fees on appeal. Although he asked for fees in passing in his opening brief, he provided no analysis or supporting citation. Accordingly, the issue was waived. (*Holguin v. DISH Network LLC* (2014) 229 Cal.App.4th 1310, 1322, fn. 5; *Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) In any case, we are not persuaded by his citation, in his reply brief, to *M. Perez Co., Inc. v. Base Camp Condominiums Assn. No. One* (2003) 111 Cal.App.4th 456 (*M. Perez*), criticized by *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 899. *M. Perez Co.* did not involve a case that was voluntarily dismissed and the impact of section 1717, subdivision (b)(2), but rather, was a fee dispute following a jury trial and judgment.

## DISPOSITION

The order awarding fees and costs is reversed to the extent it awards attorney fees and is affirmed in all other respects. The issue of whether Smith is a "prevailing party"

---

[4] We are not unaware of the Calberts' claim that Smith is a litigious landlord of low-rent properties who makes it a practice to sue vacating tenants for "property damage" and that he initially procured a default judgment against them through faulty service. However, the issue before us is an extremely limited one, concerning only the scope of the attorney fees provision in the rental agreement. (See *Mitchell Land & Improvement Co. v. Ristorante Ferrantelli* (2007) 158 Cal.App.4th 479, 490 [fees denied following landlord's voluntary dismissal of unlawful detainer case despite tenant's assertion denial of fees would allow landlord to "bully" tenants].)

4

on appeal entitled to fees has been waived and cannot be litigated further. The parties are to bear their own costs on appeal.

_____
Banke, J.

We concur:


_____
Margulies, Acting P. J.


_____
Dondero, J.