Filed 7/8/16  Guerra v. Bailey-Holden CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| CRYSTAL GUERRA, | |
| Plaintiff and Respondent, | E064548 |
| v. | (Super.Ct.No. CIVRS1500156) |
| ELAINE BAILEY-HOLDEN, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gerard S. Brown, Judge.  Affirmed.

Anthony A. Sears * Attorney at Law and Anthony A. Sears for Defendant and Appellant.

Brennan Law Firm and Michael Brennan for Plaintiff and Respondent.

### I.  INTRODUCTION

Defendant and appellant, Elaine Bailey-Holden, appeals the postjudgment order denying her motion to recover $7,218.75 in attorney fees she incurred in defending a civil

1

harassment proceeding brought by plaintiff and respondent, Crystal Guerra. (Code Civ. Proc., § 527.6.)[1] Guerra dismissed the civil harassment proceeding shortly after Bailey-Holden moved out of Guerra's home. Bailey-Holden then moved to recover her attorney fees from Guerra based on a "prevailing party" attorney fee provision in the residential rental agreement (lease) between herself and Guerra, Code of Civil Procedure section 1032 and Civil Code section 1717.

On appeal, Bailey-Holden claims she was entitled to recover her attorney fees "as a matter of right" because the civil harassment proceeding was dismissed in her favor. (Code Civ. Proc., § 1032, subds. (a)(4), (b).) Based on the dismissal, she argues she was the prevailing party for purposes of the attorney fee provision of the lease, Code of Civil Procedure section 1032 and Civil Code section 1717. We disagree and conclude that Bailey's attorney fee motion was properly denied.

As we explain, the court had discretion to determine whether Bailey-Holden was the prevailing party under the attorney fee provision of the lease, which the court concluded and we agree was broad enough to cover "tort-type" claims, including the civil harassment proceeding. The court also had discretion to award attorney fees to Bailey-Holden under section 527.6, subdivision (s), which vests the court with discretion to award attorney fees and costs to "the prevailing party" in a civil harassment proceeding.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

Code of Civil Procedure section 1032 does not apply, because Code of Civil Procedure section 527.6, subdivision (s) is an express exception to Code of Civil Procedure section 1032. Civil Code section 1717 also does not apply, because it applies only in contract-based actions, and the civil harassment proceeding was not an action on the lease or any other contract. Finally, the court did not abuse its discretion in determining that Bailey-Holden was not the prevailing party, either for purposes of the attorney fee provision of the lease or Code of Civil Procedure section 527.6. We therefore affirm the order denying Bailey-Holden's attorney fee motion.

## II. FACTS AND PROCEDURAL BACKGROUND

A. *The Civil Harassment Proceeding*

On March 7, 2015, Guerra and Bailey-Holden entered into the lease, whereby Guerra rented a room in her Rancho Cucamonga home to Bailey-Holden on a month-to month basis for $600 per month. The lease, at paragraph 23, contains an attorney fee clause: "If any legal action or proceedings be brought by either party of this Agreement, the prevailing party shall be reimbursed for all reasonable attorney's fees and costs in addition to other damages awarded."

On April 1, 2015, Guerra filed the present civil harassment proceeding seeking temporary and permanent restraining orders against Bailey-Holden. (§ 527.6.) In her application, Guerra, age 26, claimed that Bailey-Holden, age 62, harassed her (Guerra) by "storm[ing] after me, demanding 'her dog' which I adopted from her approx[imately] 7 months ago. She tried coming into the room [Guerra's bedroom]. I blocked her w/my

3

arm & shut the door as quickly as possible, scraping my own knee. She was cussing and irate. I locked the bedroom door w/Buttercup (my dog) in there with me. I heard her in the kitchen fiddling with cutlery." The incident occurred on March 29, 2015.

According to the register of actions, on April 1, 2015, the court issued ex parte temporary restraining orders against Bailey-Holden based on Guerra's testimony, and set an April 17 hearing to determine whether permanent restraining orders should issue. On April 3, Bailey-Holden was served with the temporary restraining orders and notice of the April 17 hearing. On April 17, Bailey-Holden, represented by counsel, filed a response seeking $5,000 in attorney fees and claiming she believed Guerra was "trying to evict" her "without having to file an unlawful detainer," because Guerra had already given her a 45-day notice to quit.

The April 17 hearing was continued to April 24. On April 24, Guerra and Bailey-Holden were both sworn and examined, but the hearing was continued to May 15 so Guerra could hire counsel. On May 15, both parties appeared and were represented by counsel, and the hearing was continued to August 7. On July 23, 2015, a request for dismissal of the case was "returned" because it was not filed in the proper court. On August 7, the court dismissed the case at Guerra's request on the ground that Bailey-Holden no longer lived in Guerra's home.

B. *The Attorney Fee Motion*

On August 10, 2015, Bailey-Holden moved to recover $7,218.75 in attorney fees incurred in defending the civil harassment proceeding based on the attorney fee provision

of the lease.  The motion stated it was based on Civil Code section 1717 and Code of Civil Procedure sections 1032, 1033.5, and 1034.  Because the civil harassment proceeding was dismissed in her favor (Code Civ. Proc., § 1032, subd. (a)(4)), Bailey-Holden claimed she was the "prevailing party" in the civil harassment proceeding under the attorney fee provision of the lease, within the meaning of Civil Code section 1717, subdivision (a), and for purposes of Code of Civil Procedure section 1032, subdivision (b).  Bailey-Holden's attorney, Anthony A. Sears, submitted a declaration and billing statement supporting the $7,218.75 in attorney fees sought.

In opposition, Guerra claimed the May 15, 2015, hearing was continued to allow a "pending unlawful detainer action to play out," and she dismissed the civil harassment proceeding because, by August 7, Bailey-Holden had moved out of her home.  Guerra conceded that Civil Code section 1717 did not apply to the attorney fee motion, because Bailey-Holden was not seeking to recover attorney fees in "an action on a contract," that is, for any breach of the lease.  (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 617 (*Santisas*).)  Rather, she was seeking to recover her attorney fees incurred in the civil harassment proceeding, which sounded in tort, not contract.  Thus, Guerra conceded that the bar of Civil Code section 1717, subdivision (b)(2), which provides "there shall be no prevailing party" in an action which has been voluntarily dismissed, did not apply and did not preclude Bailey-Holden from being the prevailing party in the civil harassment proceeding.

5

Guerra pointed out that Code of Civil Procedure section 527.6, former subdivision (r), now subdivision (s), provided that: "The prevailing party in any action brought under this section *may* be awarded court costs and attorney's fees, if any." [2] (Italics added.) Guerra argued Bailey-Holden was purposefully not relying on Code of Civil Procedure section 527.6, former subdivision (r) because the "prevailing party" determination under that statute "lies in the trial court's sound discretion," whereas the prevailing party determination under Civil Code section 1717 is "rather formulaic." Guerra argued that Bailey-Holden was relying on Civil Code section 1717, even though it did not apply to the civil harassment proceeding, to avoid the court having discretion to make the prevailing party determination. Guerra also argued that the $7,218.75 amount sought was excessive.

In a declaration supporting Guerra's opposition, counsel for Guerra, Michael A. Brennan, explained that, on May 15, 2015, he asked counsel for Bailey-Holden to discuss a resolution of "the restraining order and a . . . subsequently filed unlawful detainer action." Counsel for Bailey-Holden told him "there would be no settlement without a 'payment of money'" to Bailey-Holden. When asked the basis of the demand for money, counsel for Bailey-Holden "simply responded 'because that is what it will take.'" Attorney Brennan claimed there was no need to pursue the restraining orders after

---

[2] Effective January 1, 2016, former subdivisions (p) through (x) of section 527.6 were redesignated subdivisions (q) to (y). (Stats. 2015, ch. 411, § 1.5.)

6

Bailey-Holden moved out of Guerra's home because Bailey-Holden had since not attempted to contact Guerra "in any manner whatsoever."

C. *The Trial Court's Ruling on the Attorney Fee Motion*

At the hearing on the attorney fee motion, the trial court noted the civil harassment proceeding was a "tort-type case" and was not part of Guerra's unlawful detainer proceeding. The court ruled that Civil Code section 1717 did not apply because it only applies to "any action on a contract." (Civ. Code, § 1717, subd. (a).) The court acknowledged that subdivision (b)(2) of Civil Code section 1717, which states, "there shall be no prevailing party" for purposes of Civil Code section 1717 "[w]here an action has been voluntarily dismissed," did not preclude Bailey-Holden from being the prevailing party in the civil harassment proceeding for purposes of the attorney fee provision of the lease.

The court also concluded that the attorney fee provision of the lease was not limited to the recovery of attorney fees in actions on the lease, but was broad enough to encompass "tort-type" actions like the civil harassment proceeding. The lease did not define the term prevailing party, however, nor did it address whether either party would be entitled to recover its attorney fees in an action that is voluntarily dismissed. Accordingly, the court explained that the "pragmatic" approach articulated in *Santisas*, *supra*, 17 Cal.4th at page 622 governed the court's prevailing party determination in the civil harassment proceeding.

7

*Santisas* explained that where (1) attorney fees are sought based on a contractual fee provision, (2) the proceeding has been dismissed, and (3) the fee provision neither defines "prevailing party" nor expressly authorizes or bars recovery of fees in the event the tort proceeding is dismissed, the "*court may base its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise.* [Citation.]" (*Santisas*, *supra*, 17 Cal.4th at p. 622, italics added.)

The court then ruled that, "pragmatically speaking," Guerra "realized [her] litigation objectives, inasmuch as [Bailey-Holden] voluntarily went ahead and vacated the premises and the case was dismissed . . . ." The court thus indicated it was *not persuaded* that Bailey-Holden was the "prevailing party" in the civil harassment proceeding, and was accordingly not entitled to recover her attorney fees under the attorney fee provision of the lease. The court also pointed out that the dismissal of the civil harassment proceeding was a ministerial act and did not represent a judicial determination that "one party is right, one party is wrong."

### III.  DISCUSSION

Bailey-Holden claims she is entitled "as a matter of law" to recover her attorney fees incurred in defending the civil harassment proceeding under Code of Civil Procedure sections 1032 and 1033.5, because she is the prevailing party attorney in the proceeding for purposes of the attorney fee provision of the lease. She also claims she is the prevailing party "within the meaning of Civil Code section 1717, subdivision (a), because

8

of the application of Code of Civil Procedure section 1032, subdivision (a)(4)." We reject these claims.

A. *Bailey Is Not Entitled to Her Attorney Fees as a Matter of Right Under Section 1032*

Section 1032, subdivision (b), provides: "Except as otherwise provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." For purposes of section 1032, "prevailing party" includes "a defendant in whose favor a dismissal is entered" "unless the context clearly requires otherwise." (§ 1032, subd. (a)(4).) Section 1033.5 lists items allowable as costs under section 1032. Items recoverable as costs under section 1032 include attorney fees when the fees are authorized by contract, statute, or law. (§ 1033.5, subd. (a)(10)(A)-(C).)

Bailey-Holden maintains that she is the prevailing party in the civil harassment proceeding as a matter of law, because the proceeding was dismissed in her favor (§ 1032, subd. (a)(4)) and her prevailing party status for purposes of section 1032 entitles her to recover her attorney fees as costs based on the attorney fee provision of the lease "as a matter of right." (§§ 1032, subd. (b), 1033.5, subd. (a)(10)(A).) We disagree.

"'The determination of the legal basis for an award of attorney fees is a question of law which we review de novo.'" (*Drybread v. Chipain Chiropractic Corp.* (2007) 151 Cal.App.4th 1063, 1069.) As we explain, section 1032 and, by extension, section 1033.5 do not apply in civil harassment proceedings.

First, several points of clarification are in order: If section 1032 applied to civil harassment proceedings, then Bailey-Holden would be the prevailing party for purposes

9

of section 1032 because the proceeding was dismissed in her favor.  (§ 1032, subds. (a)(4), (b); *Brown v. Desert Christian Center* (2011) 193 Cal.App.4th 733, 738 [the language of § 1032 is clear and explicit:  "'[A] defendant in whose favor a dismissal is entered'" is "'a prevailing party'" and is "'entitled as a matter of right to recover costs'"].)  As the prevailing party for purposes of section 1032, Bailey-Holden would be entitled to recover her reasonable attorney fees as costs "as a matter of right" under section 1032, because the fees were authorized by the attorney fee provision of the lease and, as such, were recoverable as costs under section 1032 by virtue of section 1033.5, subdivision (a)(10)(A).  The parties do not dispute, the trial court concluded, and we agree that the attorney fee provision of the lease was not limited to actions on the lease contract but was broad enough to encompass "tort-type" proceedings like the civil harassment proceeding.  (*Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1339, 1342-1344.)  The civil harassment proceeding sounded in tort, not contract.  (See *Grant v. Clampitt* (1997) 56 Cal.App.4th 586, 591 [§ 527.6 "was passed to supplement the existing common law torts of invasion of privacy and intentional infliction of emotional distress by providing quick relief to harassment victims threatened with great or irreparable injury."].)

Nonetheless, Bailey-Holden is not entitled to her attorney fees as a matter of right under Code of Civil Procedure section 1032, because that section does not apply to attorney fees and costs awards in civil harassment proceedings.  By its terms, Code of Civil Procedure section 1032 applies "in any action or proceeding" "[e]xcept as otherwise

10

expressly provided by statute." (Code Civ. Proc., § 1032, subd. (b).) Accordingly, Code of Civil Procedure section 1032 does not apply when another statute governs the award of costs or attorney fees in question and makes the award discretionary. (See, e.g., *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 105 [Gov. Code, § 12965, subd. (b), is an express exception to Code Civ. Proc., § 1032, subd. (b), because it vests the trial court with discretion to award costs and attorney fees to the prevailing party in an action under the California Fair Employment and Housing Act]; see also *MacQuiddy v. Mercedes-Benz USA, LLC* (2015) 233 Cal.App.4th 1036, 1047 ["A prevailing party under [Code of Civil Procedure] section 1032 is not necessarily a prevailing party under a separate attorney fee statute."].)

Section 527.6, subdivision (s), is an express exception to section 1032, subdivision (b), because it vests the trial court with discretion to award attorney fees and costs to the prevailing party in a civil harassment proceeding. It states: "The prevailing party in any action brought under this section *may* be awarded court costs and attorney fees, if any." (§ 527.6, subd. (s), italics added.) Because it uses the permissive word "may," section 527.6, subdivision (s), makes attorney fee and cost awards a discretionary decision by the trial court. (*Krug v. Maschmeier* (2009) 172 Cal.App.4th 796, 802 [interpreting § 527.6, former subd. (i), a precursor to § 527.6, subd. (s)].) As *Krug* held, "the decision whether to award attorney fees to a prevailing party" in a civil harassment proceeding governed

11

by section 527.6 "is a matter committed to the discretion of the trial court." (*Krug v. Maschmeier*, *supra*, at p. 802.)**3**

B. *Civil Code Section 1717 Does Not Apply to Bailey-Holden's Attorney Fee Claim*

Bailey-Holden argues she is the prevailing party "within the meaning of Civil Code section 1717, subdivision (a)," by virtue of the application of Code of Civil Procedure section 1032, subdivision (a)(4), that is, because the civil harassment proceeding was dismissed in her favor. Again, we disagree.

Civil Code section 1717, subdivision (a), states: "*In any action on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other court costs. [¶] . . . [¶] Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit." (Italics added.)

Civil Code section 1717, subdivision (b), provides: "(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that

---

**3** This discretionary attorney fee and cost provision of section 527.6, subdivision (s) has been part of section 527.6 since the statute was first enacted in 1978. (*Krug v. Maschmeier*, *supra*, 172 Cal.App.4th at p. 800, fn. 5.)

there is no party prevailing on the contract for purposes of this section. [¶] (2) Where an action has been voluntarily dismissed . . . there shall be no prevailing party for purposes of this section."

Bailey-Holden's reliance on subdivision (a) of Civil Code section 1717 is perplexing in light of subdivision (b). If Civil Code section 1717 applied, it would apply in its entirety. Bailey-Holden could not be the prevailing party in the civil harassment proceeding "for purposes of this section," that is, for purposes of Civil Code section 1717, subdivision (a), because the civil harassment proceeding was voluntarily dismissed. (Civ. Code, § 1717, subd. (b).) Bailey-Holden's prevailing party status under Code of Civil Procedure section 1032, subdivision (a)(4), for purposes of Code of Civil Procedure section 1032, would not assist her claim, if Code of Civil Procedure section 1032 applied.

In any event, Civil Code section 1717 does not apply to Bailey-Holden's attorney fee motion because the statute only apples in "action[s] . . . based on the contract." (*Santisas*, *supra*, 17 Cal.4th at p. 617.) As explained, the civil harassment proceeding sounded in tort, and was not an action based on the lease or any other contract.

C. *The Trial Court Did Not Abuse Its Discretion in Determining That Bailey-Holden Was Not the Prevailing Party in the Civil Harassment Proceeding, Either for Purposes of the Attorney Fee Provision of the Lease or Section 527.6, Subdivision (s)*

As indicated, the court employed the "pragmatic" approach articulated in *Santisas*, *supra*, 17 Cal.4th at page 622 in determining that Bailey-Holden was *not* the prevailing party in the civil harassment proceeding and was therefore *not* entitled to recover her

13

attorney fees under the prevailing party attorney fee provision of the lease. This was the proper legal standard to employ, both in determining whether Bailey-Holden was the prevailing party under the attorney fee provision of the lease, and under section 527.6, subdivision (s), formerly subdivision (r), the discretionary prevailing party attorney fee provision that applies in civil harassment proceedings.

*Santisas* articulated a standard that courts may employ when, as here, a contractual prevailing party attorney fee provision does not define "prevailing party," and the contract does not preclude a recovery of attorney fees when the action has been voluntarily dismissed: "If, as here, the contract allows the prevailing party to recover attorney fees but does not define 'prevailing party' or expressly either authorize or bar recovery of attorney fees in the event an action is dismissed, a court may base its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise." (*Santisas*, *supra*, 17 Cal.4th at p. 622.) In keeping with this pragmatic approach, the *Santisas* court commented: "[I]t seems inaccurate to characterize the defendant as the 'prevailing party' if the plaintiff dismissed the action only after obtaining, by means of settlement or otherwise, all or most of the requested relief . . . ." (*Id*. at p. 621.)

This pragmatic approach to determining who, if anyone, is the prevailing party in an action or proceeding also applies when, as here, a fee-shifting statute, like section 527.6, subdivision (s), applies, but does not define "prevailing party." "[W]here . . . a fee-shifting statute is concerned, a number of Courts of Appeal have taken the approach

14

that attorney fees recovery is governed by the fee-shifting statute itself, rather than a rigid adherence to Code of Civil Procedure section 1032. Under this analysis, if the particular fee-shifting statute does not define prevailing party, then the trial court should simply take a pragmatic approach to determine which party has prevailed. That is, the trial court would determine which party succeeded on a practical level, by considering the extent to which each party realized its litigation objectives. [Citations.]" (*Wohlgemuth v. Caterpillar Inc.* (2012) 207 Cal.App.4th 1252, 1264.)

We review a trial court's prevailing party rulings for an abuse of discretion. (*MacQuiddy v. Mercedes-Benz USA, LLC*, *supra*, 233 Cal.App.4th at p. 1047.) To the extent Bailey-Holden may argue that the trial court abused its discretion in determining she was not the prevailing party in the civil harassment proceeding, we find no abuse of discretion. Guerra dismissed the proceeding shortly after Bailey-Holden moved out of her home. The record also shows Guerra was simultaneously pursuing an unlawful detainer action. As the court observed, Guerra achieved her litigation objectives in the civil harassment proceeding—getting Bailey-Holden to stop harassing her—before the voluntary dismissal was filed. Under these circumstances, the court reasonably concluded that Bailey-Holden was not the prevailing party, either for purposes of the attorney fee provision of the lease or for purposes of the discretionary attorney fee-shifting statute, section 527.6, subdivision (s).

15

## IV.  DISPOSITION

The September 4, 2015, order denying Bailey-Holden's motion for attorney fees is affirmed.  The parties shall bear their costs on appeal.  (Cal. Rules of Court, rule 8.278.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

HOLLENHORST
Acting P. J.

MILLER
J.

16