**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAMER SALAMEH, et al., | No.  14-56387 |
| Plaintiffs - Appellants, | D.C. No. 3:09-cv-02739-GPC-BLM |
| v. | |
| 5TH ROCK, LLC and MKP ONE, LLC, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted July 6, 2016
Pasadena, California

Before: VANASKIE,[**] MURGUIA, and WATFORD, Circuit Judges.

Plaintiffs appeal from an award of $405,371.25 in attorney's fees to

defendants.  The district court did not abuse its discretion in granting the award.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Thomas I. Vanaskie, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

The plaintiffs' general objections to the awarding of fees under the purchase contract lack merit. In the appeal from their lawsuit's dismissal, we held that the interests they purchased were not securities. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129–32 (9th Cir. 2013). That decision forecloses their argument here that the purchase contract is illegal and hence unenforceable for failing to comply with securities laws. Their alternative argument that the contract's fees provision does not cover the fraud causes of action also fails. The provision permits fees in any legal action "arising out of this Contract," and this language is broad enough to encompass tort claims based on the contract's underlying transaction. *See, e.g.*, *Santisas v. Goodin*, 951 P.2d 399, 405 (Cal. 1998). The fees provision is therefore enforceable and applicable to the fraud causes of action.

As for the reasonableness of the fees award, the district court was not required to further apportion the fees between the claims or the defendants. The district court had discretion not to exclude fees for legal work common to both the fraud and securities claims because the claims shared core factual allegations and overlapping legal elements. *See Jankey v. Lee*, 290 P.3d 187, 198 (Cal. 2012). Plaintiffs' reliance on *Carver v. Chevron U.S.A., Inc.*, 14 Cal. Rptr. 3d 467 (Ct. App. 2004), to support a contrary result is misplaced because the statutes governing the securities claims do not indicate a legislative policy to forbid fees for

overlapping fee-shifting claims. *See Jankey*, 290 P.3d at 198–99. The district court also had discretion not to limit fees for work representing additional defendants in the lawsuit because the alleged liability of all the defendants shared an overlapping factual and legal basis. *See Cruz v. Ayromloo*, 66 Cal. Rptr. 3d 725, 730 (Ct. App. 2007).

**AFFIRMED**.

Appellees' motion for sanctions is **DENIED**. Their motion for judicial notice is **GRANTED**.